CHADRON LOAN & BUILDING ASSOCIATION, APPELLANT, V.
    JESSIE SMITH ET AL., APPELLEES.

FILED APRIL 19, 1899.   No. 8873.

Mortgage Foreclosure: RECEIVERS: HOMESTEAD. The remedy of appointment of a receiver to take charge of the property. in certain contingencies in an action of foreclosure of a real estate mortgage is not applicable where the mortgaged property is the homestead of the mortgagor, direct defendant in the suit.

APPEAL from the district court of Dawes county. Heard below before WESTOVER, J.  *Affirmed.*

*Albert W. Crites,* for appellant.

References: *Callanan v. Shaw,* 19 Ia. 183; *Chicago & S. E. R. Co. v. St. Clair,* 42 N. E. Rep. [Ind.] 225; *Link v. Connell,* 48 Neb. 574; Waples, Homestead & Exemption 714; *Jarboe v. Colvin,* 4 Bush [Ky.] 70.

*Allen G. Fisher, contra.*

HARRISON, C. J.

In an action of foreclosure for the association in the district court of Dawes county there was a decree in its favor on August 18, 1896, by which there was subjected to sale to apply in satisfaction of its mortgage lien thereon two non-adjacent lots in the city of Chadron, on each of which there was a dwelling-house, one of which was occupied by Jessie Smith and was her statutory homestead. She was the owner of both lots which were included in the mortgage and decree of foreclosure. Within the proper time she filed a request for stay of the execution of the decree, and soon thereafter for the association there was presented an application for the appointment of a receiver to take charge of the properties and collect the rents thereof. On hearing the court appointed a receiver for the one lot but refused to make any

appointment applicable to the homestead. The association has appealed to this court, and in the appeal proceedings has also presented an original application for the appointment of a receiver. The transcript was filed in this court November 19, 1896, and the bill of exceptions on the 30th of the same month. The transcript was accompanied by the application to this court for a receiver. Of this application there was a hearing and on January 8, 1897, it was denied.

In the brief which was filed November 30, 1896, it was urged that this court should abandon the rule established in the opinion in the case of *Eastman v. Cain*, 45 Neb. 48, that applications similar to the one in this matter at bar should ordinarily be first made to the district courts wherein the actions were instituted. In the decision of the application herein to this court we again considered the advisability and propriety of the directions in regard to practice stated in *Eastman v. Cain*, and with approval. We may add that in any such case, if an appeal is taken from the order of the district court in the matter of the application for a receiver, the proceeding in this court will, on motion, be advanced for hearing and thus delay be avoided.

It was shown that the lot as to which the petition for a receiver was denied was the homestead of the mortgagor. For the association there was proof that the property was probably insufficient to discharge the mortgage debt, also that repairs were greatly needed and were not being made, that the taxes had not been paid, and the property had been sold for the delinquent taxes. On the established facts there was quite a strong showing for the relief asked,—the appointment of a receiver to collect the rents of the mortgaged property. One and of the main questions presented was, will a homestead, under the ordinary or any facts and circumstances, be placed in the possession and care of a receiver? It is stated in Waples, Homestead & Exemption 719, 720: "Under some circumstances, a receiver may be appointed, in an action

to foreclose a mortgage, though the property is a homestead. It may be hotel property about to be diminished in value by being closed, so that such appointment would be advisable. The court has equitable jurisdiction to make the appointment when its exercise becomes necessary to protect the rights of a mortgagee not resting on the common-law principle of a legal estate transferred to him by the mortgage. In an action for forcible detainer, in which the defendant claimed homestead, a receiver was appointed. But it is questionable whether it is ever proper to take possession of a mortgagor's homestead while proceedings to foreclose are pending. Certainly it is not proper practice, as a general rule. An application for such an appointment should always be refused when the amount of the mortgage debt is the subject of contention in the case." (See, also, Beach, Receivers sec. 546.) In the decision of the case of *Lowell v. Doe*, 44 Minn. 144, without an extended discussion of the subject or lengthy statement of reasons for it, the rule was announced as follows: "The homestead rights   *   * in the mortgaged property are subject to the ordinary legal and equitable rights of the mortgagees as such." It is also observed that the sufficient answer to the assertion that possession of homestead in property may not be disturbed by the appointment of a receiver is: "That by the terms of the homestead law (General Statutes 1878, ch. 68, sec. 2) the homestead exemption 'shall not extend to any mortgage thereon lawfully obtained.' The homestead rights of the mortgagor are subject to the ordinary legal and equitable rights of the mortgagee in respect to the mortgaged premises which may be enforced by the appropriate remedies." In our state the legislature saw fit, and it is a wise and politic provision much to be commended, to exempt from judgment liens and execution. or forced sale the homestead, and have made no exceptions from the absolute character of the exemption save and only as follows: "The homestead is subject to execution or forced sale in satisfaction of judg-

ments obtained: First—On debts secured by mechanics',
laborers', or vendors' liens upon the premises. Second—
On debts secured by mortgages upon the premises, exe-
cuted and acknowledged by both husband and wife, or an
unmarried claimant." (Compiled Statutes, ch. 36, sec.
3.) The legislature is frequently said to be the body or
branch of the government nearest the people and is sov-
ereign and exclusive in its sphere, that of lawmaking, and
it is not for the courts to infringe upon the domain of
the legislative power. The homestead right was made
subject to be disturbed only through some voluntary act
of the parties who might be entitled to it, and then alone
by execution or forced sale. This clearly does not contem-
plate the deprivation of the enjoyment of the homestead
right by or through the appointment of a receiver, and
we cannot extend what the lawmakers have said, and
read into the law, the incidental remedies which accom-
pany mortgage liens ordinarily or in general. Any in-
vasion of the homestead right will not be extended be-
yond the fair, direct import of the enactment by which
it may be sought to make it less absolute. It follows
that the district court was right and its decree is

                                        AFFIRMED.

NORVAL, J., expressed no opinion.