JANE H. LAUNE, ADMINISTRATRIX, APPELLANT, V. LOUISA
J. HAUSER ET AL., APPELLEES, AND CASSIUS L. LAUNE,
APPELLANT.

FILED JUNE 8, 1899.   No. 10457.

1. **Mortgage-Foreclosure: APPOINTMENT OF RECEIVER.** A receiver will
not be appointed on foreclosure when the debtor is insolvent,
merely because the property at some future time may become
insufficient to pay the mortgage debt. ·

2. ———: ———: HOMESTEAD. Ordinarily, a receiver will not be ap-
pointed in a foreclosure suit, when the mortgaged property is
the homestead of the mortgagor.

APPEAL from the district court of Lancaster county.
Heard below before CORNISH, J.  *Affirmed.*

*Halleck F. Rose, Wellington H. England, Roscoe Pound,*
and *S. B. Laune,* for appellants.

References as to appointment of receiver where mort-
gaged premises are occupied as .a homestead:   *Lowell v.
Doe,* 44 Minn. 144; *Bromley v. McCall,* 18 S. W. Rep. [Ky.]
1016; *Callanan v. Shaw,* 19 Ia. 183; *Cone v. Combs,* 18 Fed.
Rep. 576; *Hoge v. Hollister,* 8 Baxt. [Tenn.] 533; *Harris
v. United Savings Fund & Investment Co.,* 146 Ind. 265;
*Schreiber v. Cary,* 48 Wis. 208; *Marshall-Illsley Bank v.
Cady,* 77 N. W. Rep. [Minn.] 831.

*Daniel F. Osgood, contra:*

The law authorizing appointment of a receiver in mort-
gage-foreclosure does not apply to a case where the prem-
ises are occupied as a homestead.  (*Chadron Loan & Build-
ing Ass'n v. Smith,* 58 Neb. 469.) ·

NORVAL, J.

A decree was entered in this cause in the district court
foreclosing a real estate mortgage, upon which an order
of sale issued, the property sold thereunder to one Cas- ·

sius L. Laune, and the sale in all respects approved and confirmed. Within twenty days from the confirmation Louisa J. Hauser, one of the mortgagors, gave a super- sedeas bond, in the sum fixed by the court, for the purpose of staying proceedings during the pendency of an appeal. Subsequently the plaintiff and said Cassius L. Laune, purchaser, applied to the district court for the appoint- ment of a receiver, which application was refused. Louisa J. Hauser appealed from the order confirming the sale and the plaintiff and Cassius L. Laune prosecuted a cross- appeal from the order denying the appointment of a re- ceiver, which cross-appeal has been advanced by this court for hearing, and a submission taken of that branch of the cause. No controverted question of fact is pre- sented for consideration, since no bill of exceptions con- taining the evidence has been preserved. The findings of the trial court responsive to the issues, therefore, must control.

It appears from the findings that Louisa J. Hauser, who is in possession of the mortgaged premises, and who alone executed the note secured by the mortgage, is insolvent and financially irresponsible, and it is insisted that a receiver should be appointed because the mort- gaged property is wholly insufficient to pay the debt. If the premises were true, the conclusion of counsel stated above might be irresistible; but the record fails to show the mortgaged premises inadequate to pay the claim of plaintiff, while on the other hand the court below found that the amount of the debt, interest, taxes, and costs aggregated the sum of $3,206.89, and that the value of the mortgaged real estate was $3,850, so that there was no foundation for the contention that the property is probably insufficient to cover the indebtedness secured by the mortgage. It is urged that by the time the cause is reached in this court on the appeal from the order of confirmation that the debt will exceed the value of the property. This fact alone is insufficient ground for the appointment of a receiver. The Code of Civil Procedure,

section 266, authorizes the appointment of a receiver in an action to foreclose a mortgage when the mortgaged premises "is probably insufficient to discharge the mortgage debt." This provision is only applicable when it is disclosed at the time the application is made, or acted on, that the property is then probably inadequate to meet the indebtedness. It does not authorize the appointment of a receiver merely because at some date in the future the property may become insufficient to pay the mortgage, as it cannot be known that the mortgage debt will not be discharged before such date has arrived.

Again, it fully appears from the findings of the trial court that the mortgaged property is occupied by the debtor as a homestead. The case, therefore, falls squarely within the decision in *Chadron Loan & Building Ass'n v. Smith*, 58 Neb. 469, where it was held that the remedy of appointment of receiver on foreclosure was not applicable when the mortgaged property is the debtor's homestead. In that case a receiver was sought pending a stay, while here the application for a receiver was made after sale and confirmation. But this distinction is unimportant. An appeal has been taken from the confirmation and a supersedeas bond given, so that the order confirming the sale is not operative pending the appeal. The order refusing a receiver is

AFFIRMED.