TRUMAN BUCK, APPELLEE, V. JOHN STUBEN ET AL., APPELLANTS.

FILED DECEMBER 18, 1900. No. 9,320.

1. Finding: EVIDENCE. A finding made on evidence fairly conflicting will not be disturbed on review.

2. Reversal: PREJUDICIAL ERROR. Prejudicial error must be shown, to justify the reversal of a decision of the trial court.

APPEAL from the district court for Sarpy county. Heard below before SLABAUGH, J. Affirmed.

John P. Breen and Charles S. Lobingier, for appellants.

James B. Meikle and Frank H. Gaines, contra.

NORVAL, C. J.

This is an appeal from an order confirming a judicial sale of real estate sold in mortgage foreclosure. The decree under which the sale was made contained the following: "And it is further ordered that the part of said premises lying outside of the right of way of said Omaha & Southwestern Railway Company be first offered for

sale, and in case that part shall not sell for enough to pay the amount due the plaintiff, that the same shall be first sold separately, but if necessary, the whole parcel of land described in said mortgage shall be sold and the proceeds applied in payment of the plaintiff's claim as aforesaid." No further description of the right of way mentioned is contained in the decree, though a description of the whole tract is given by government survey. It is objected that the provision quoted is not sufficiently definite to enable the sheriff to ascertain from the decree, and point out to intending purchasers the tract of land lying outside of said right of way. A further objection was made to the appraised value of the land, it being claimed that it was appraised much below its actual value, so much so that fraud must be presumed in such appraisement. On the hearing of the motion in the court below to set aside the sale the affidavits of about one hundred persons were taken by the parties relative to the value of the property in question, which were conflicting. There was ample evidence adduced on which the district court was justified in finding that the property was not appraised too low, and this it did. This finding we are not disposed to set aside. *Nebraska Loan & Building Ass'n v. Marshall*, 51 Nebr., 534.

The objection first urged against the sale can not be successfully presented, since it is not shown that the complaining party has been prejudiced by the decision. *Kane v. Jonasen*, 55 Nebr., 757. On the contrary, the record discloses that the entire tract, including the right of way, did not sell for enough to pay the debt, and defendants were interested alone in the portion not included in the right of way. The description could not have prejudiced them. Moreover, the description of the right of way in the decree was sufficient, inasmuch as a stranger could easily have located the right of way from the railroad constructed therein. The order assailed is

                                        AFFIRMED.