SALINA F. BROWN, APPELLEE, V. SAMUEL CAMPBELL ET AL., APPELLANTS.

FILED MARCH 4, 1903.   No. 12,698.

1. **Head of Family:** HOMESTEAD: FRAUDULENT ALIENATION. The head of a family has a homestead right of the value of $2,000 in 160 acres of land, owned and occupied by him as a homestead, which is not the subject of a fraudulent alienation.

2. **Conveyance:** CANCELATION: ERROR. It is error for a trial court to cancel a conveyance of such homestead right as having been made in fraud of creditors.

3. **Homestead Limits:** SURPLUS. If, above any valid incumbrances thereon, there be a surplus in excess of the sum of $2,000 within the homestead limits, a conveyance of such surplus can be set aside when made in fraud of creditors.

APPEAL from the district court for Pawnee county: JOHN STULL, DISTRICT JUDGE. *Reversed.*

*John C. Watson, John V. Morgan* and *Robert Ryan,* for appellants.

*Henry Matters* and *Francis Martin, contra.*

OLDHAM, C.

This was a suit in the nature of a creditors' bill instituted by the plaintiff in the court below for the purpose of canceling a conveyance of 160 acres of land situated in Pawnee county, Nebraska, made by the defendants Samuel Campbell and wife to their son, Walter Campbell, on January 8, 1900. The petition is in the ordinary form of a creditors' action, alleging that plaintiff had recovered a judgment in the county court of Pawnee county for $886.97 and costs on October 2, 1900; that a transcript of the judgment was filed in the office of the clerk of the district court of said county, and that an execution was issued thereon October 17, 1900, and returned *nulla bona.* The petition then alleges that the conveyance was made by the defendants Samuel Campbell and wife to their son, defendant Walter Campbell, without consideration, and for the purpose of hindering, delaying and defrauding the plaintiff and other creditors of Samuel Campbell.

Defendants Samuel Campbell and wife answered this petition separately, admitting the execution and delivery of the conveyance, but denying that it was made with fraudulent intent, and alleging that the premises conveyed were the homestead of these defendants.

Defendant Walter Campbell also answered separately, alleging that the conveyance was made in good faith for a valuable consideration, and that at the time of the conveyance the premises were occupied by his father and mother, who were husband and wife, as their family homestead.

Plaintiff replied to this answer with a general denial. On issues thus joined, the trial court found for plaintiff, and declared the conveyance to have been made without consideration, and for the purpose of hindering and defrauding creditors, and entered a decree canceling the deed, and defendants bring the cause to this court by appeal.

After a review of the testimony contained in the bill of exceptions, we have no criticism to offer on the finding of the fact by the trial court that the conveyance was made without consideration, and probably with the intent on the part of the grantor to hinder and delay his creditors. But the evidence shows without dispute that the grantor in the deed had occupied these premises for twenty-five years as his homestead; that he was the head of a family, consisting of a wife and some minor children, at the time the conveyance was made. It is admitted in the record that there was a valid mortgage of $3,000 on this land at the time of the conveyance to defendant Walter Campbell. Plaintiff's testimony tended to show that the premises were worth from $5,000 to $6,000 at the time of this conveyance, while the testimony of the defendant tended to show that the premises were not worth to exceed $5,000 at the time the deed alleged against in plaintiff's petition was made.

It is too well established to require any citation of authorities to say that it appears from the undisputed facts in this case that a homestead interest of the value of $2,000 in the lands in dispute existed in Samuel Campbell and wife at the time the premises were conveyed to Walter Campbell, which was not the subject of fraudulent alienation. It is also clear that the deed alleged against conveyed all the interest that Samuel Campbell and his wife could convey in these premises to the grantee therein named, or, in other words, that the deed in issue, as between the parties, conveyed the homestead right in these lands to Walter Campbell, and that the conveyance could only be held fraudulent as to creditors in so far as it attempted to convey a surplus of the homestead which would, if still

remaining in the hands of the grantor, be subject to sale on execution. Whether or not an interest of the value of more than $2,000 over and above the mortgage exists in the lands in dispute is a matter left in some doubt by the testimony.

Provision is made in sections 5, 6, 7, 8, 9, 10, 11, 12, and 13, chapter 36, Compiled Statutes (Annotated Statutes, secs. 6204-6212), for ascertaining the surplus, if any, of the value in lands within the limits of a homestead. If we treat the petition, answers, reply and evidence offered in this case as a substantial compliance with the preliminary steps necessary to procure the appointment of appraisers to ascertain the surplus in the homestead limits, it would still be necessary, before determining as a matter of fact that there was a surplus, to wait for the coming in of the report of the appraisers so provided. We are inclined to think that the court, being possessed of the cause to do full equity between the parties, may with propriety, in view of the issues arising on the testimony, determine that there is a sufficient showing of a surplus to warrant it in the appointment of appraisers to ascertain that fact in the manner above pointed out.

It is therefore recommended that the decree of the court below be reversed and the cause remanded, and the trial court be directed to appoint the appraisers as provided by statute, and have the value of the real estate in controversy determined, and, if it appear by said proceedings that the value of said premises exceed the amount of $2,000 and the amount of the mortgage thereon, then, if the land can be divided without material injury, the court shall direct the said appraisers to set off to the grantee in the deed so much of the land, including the residence thereon, as will amount in value to the sum of $2,000 over and above the amount of the said mortgage thereon, and the residue be sold and the proceeds be applied in satisfaction of plaintiff's judgment. In case the value of said land, when determined as aforesaid, shall not exceed the exemptions and the amount of the mortgage as aforesaid,

then the court is directed to enter a decree in favor of the defendant.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, and the trial court is directed to appoint the appraisers as provided by statute, and have the value of the real estate in controversy determined, and, if it appear by said proceedings that the value of said premises exceed the amount of $2,000 and the amount of the mortgage thereon, then, if the land can be divided without material injury, the court shall direct the said appraisers to set off to the grantee in the deed so much of the land, including the residence thereon, as will amount in value to the sum of $2,000 over and above the amount of the said mortgage thereon, and the residue shall be sold and the proceeds be applied in satisfaction of plaintiff's judgment. In case the value of said land, when determined as aforesaid, shall not exceed the exemptions and the amount of the mortgage as aforesaid, then the court is directed to enter a decree in favor of the defendant.

REVERSED AND REMANDED.