WHITFIELD SANFORD, APPELLEE, V. JOHN ANDERSON, APPELLANT, ET AL.

FILED JUNE 3, 1903. No. 12,156,

1. Foreclosure: RECEIVER: HOMESTEAD. A mortgagee of a farm, worth from $6,000 to $8,000, which is resided upon by the mortgagor and embraces his homestead exemptions, is entitled, on an appeal from an order confirming a sale which did not realize the full amount of the mortgage, and where the taxes are in arrears and are accumulating, to a receivership to take charge of that portion of the premises not embraced in the homestead exemptions, the property being readily divisible and no objection being made to the admeasurement of the homestead made by the trial court.

2. Decree Rendered. Former judgment in this case vacated and the order of the district court appointing a receiver affirmed.

APPEAL from the district court for Saunders county: BENJAMIN F. GOOD, DISTRICT JUDGE. *Former judgment of reversal vacated and judgment of district court affirmed.*

*B. E. Hendricks,* for appellant.

*M. B. Reese* and *H. A. Reese, contra.*

HASTINGS, C.

This is a rehearing of the case which appears in 3 Neb. (Unof.) 561. The question, clearly stated in the opinion, is whether or not a receiver will be appointed pending proceedings to foreclose a mortgage where the premises consist of a single farm worth $6,000 to $8,000, which is occupied as the mortgagor's family residence and embraces his homestead exemptions. No complaint is made at the present time as to the statement of the case which appears

in the former opinion. It is, however, insisted that the conclusion there reached is wrong, because protecting from application upon the plaintiff's mortgage the income from property which is not exempt as a homestead and can not be held by such a right from the mortgagor's creditors, including the mortgagee.

It is conceded by the plaintiff that the decisions of this court in *Chadron Loan & Building Ass'n v. Smith,* 58 Neb. 469; *Laune v. Hauser,* 58 Neb. 663; *Baker v. Grand Island Banking Co.,* 4 Neb. (Unof.) 100, and *Joslin v. Williams,* 3 Neb. (Unof.) 192, establish the rule in this state and under our statute, that the homestead right itself can be invaded only by an order of sale. It is, however, insisted, that the order appointing the receiver in this case, which left to the mortgagor possession of a portion of the mortgaged premises, selected by himself, of value considerably in excess of $2,000 does not invade any homestead right of the mortgagor; that it simply applies to the payment of this mortgage debt, for satisfaction of which ne had pledged all the property, that portion of the premises which the homestead law does not enable him to claim. It is energetically urged that the line of cases, commencing with *Hoy v. Anderson,* 39 Neb. 386; cited in the former opinion, which hold that where the property resided upon by the mortgagor is incumbered, the result is that the homestead right attaches to the mortgagor's remaining interest in the entire tract, have no application in this case. It is claimed that here there is no question of a general creditor attacking the incumbered homestead, but merely an application of mortgaged property, outside of any possible homestead exemption, to the payment of the mortgage indebtedness, an application expressly allowed by statute in the state of Nebraska. Section 266 of the code.

The argument derived from *Hoy v. Anderson,* in the former opinion, to show that the homestead right must, as against the plaintiff, be held to attach to the entire tract, since it is incumbered by plaintiff's mortgage, seems

Sanford v. Anderson.

to us by no means conclusive. Of course, an execution creditor proceeding against this land in the absence of plaintiff's mortgage, could force a homestead claimant to select $2,000 worth of the land and could sell the remainder. To say that, because he has a mortgage, plaintiff can not force such a selection, where it clearly appears that the rents and profits of the premises are necessary to satisfy his claim, would seem to be reasoning in a circle, and holding that the existence of the plaintiff's lien, instead of insuring its satisfaction out of the land could be used to prevent such payment. It would seem much more consistent to hold plaintiff's mortgage might be enforced by receivership proceedings, and the homestead right be required to be set off, unless the statute clearly · entitled the mortgagor to be relieved from the ordinary incidents of a mortgage as to the entire tract. The general provisions of the code certainly give plaintiff, in the absence of the homestead claim, a right to a receivership. *Buck v. Stuben,* 61 Neb. 70. The homestead statute seems, as clearly, to give no right to more than $2,000 worth of these premises. Consistency would seem to require that only $2,000 worth be set off for a homestead, if they are, as in this case, readily separable. Both statute and general principles of equity require that a court of equity apply the income from the remainder to the payment of the mortgage indebtedness where, as in this case, it is clearly necessary to the satisfaction of the mortgage.

It is quite true that the homestead statute, chapter 36, Compiled Statutes (Annotated Statutes, 6200), makes no provision for any setting off of the homestead, except when it is sought to be taken on execution. Section 5. If, however, the right to appropriate the income from the excess belongs to the mortgagee, the powers of a court of equity are ample to secure a just and efficient method of ascertaining that excess.

"The boast of those who have administered equity jurisprudence, that its remedies may be so employed as to give complete relief to each complainant, would be palpably

vainglorious, had they not devised modes of enforcing their decrees, sufficiently stringent to compel obedience and sufficiently varied to answer every conceivable emergency." Freeman, Executions (2d ed.), sec. 8a.

In fact, the essential question in this case seems to be whether or not the legislature, in providing only for final process against premises which include the homestead, has impliedly forbidden the use of a provisional remedy against such premises. The express limiting of the homestead right to $2,000 worth of property, would seem to sufficiently prevent its attaching to more. The cases following *Hoy v. Anderson* do not, by any means, attach it to more than $2,000 of property. They simply say that the lienholder must satisfy his claim out of the excess so far as he can, and this being so, any remainder must be deemed proceeds of the homestead right. Full force seems to be given to this statute when it is held to prevent the seizing of the homestead interest, itself, by means of anything short of the final process mentioned in section 3 of the act.

In the present case no objection is made that the quantity of land left is not worth $2,000. Defendant, himself, was permitted to select it. The failure of the law to provide any means for setting off homesteads in receivership proceedings, may be fairly attributed to the fact of these proceedings being always under the control and in the discretion of the court. The lawmaker may have remembered that equity jurisdiction had its original in providing remedies. Why should we not hold that he simply left the court's hands free in this matter?

If, as this court has held, the appointment of a receiver is in the nature of an equitable execution, designed to reach the interest which the creditor might take on execution (*Longfellow v. Barnard*, 58 Neb. 612), why should not a mortgagee, who is entitled to a receiver, be allowed to seize the same property to the same extent as could a levying creditor. In *Huston v. Canfield*, 57 Neb. 345, it is held, that the only way in which the rents and profits of

real estate, pending a foreclosure, can be reached, is by means of a receiver. It is there said that the practical effect of a receivership is the dispossession of the defendant. This is true and is ordinarily a sufficient reason for not disturbing homestead occupation by such an order; but where, as in this case, the homestead right does not attach to the entire property, and there is no objection on the ground of difficulty in separating it, we see no reason for not applying this "equitable execution" to the excess.

In the case of *Chadron Loan & Building Ass'n v. Smith,* 58 Neb. 469, a receiver was appointed for the property embraced in the mortgage which was not occupied by defendant as a homestead. It is true that there was in that case another house and lot. In the present case, if the plaintiff's mortgage only covered the property embraced in the receivership order, there would be very little question as to the plaintiff's right to it. Is it reasonable to give him less rights because his lien extends over the entire quarter section, so long as the whole is insufficient to pay him? This court had no difficulty in supplementing the statute with the doctrine that the mortgagee must sell first the premises outside of the homestead covered by his lien. It did this notwithstanding a provision that there should be no exemptions as against a mortgage. Should not the same equitable consideration for the other party, provide a means of setting off the homestead so as to leave the rest subject to a receiver's possession, although the statute has made no provision for it? The method provided in case of legal executions would work just as well in case of "equitable executions."

Defendant does not claim that a receivership was not needed for the satisfaction of the mortgage, but claims that no receiver can be had in this case, in any event, because the plaintiff would not be entitled to any deficiency judgment, and is, therefore, not entitled to any assistance from a court of equity to secure the satisfaction of his debt. It appears, however, that this mortgage is wholly unaffected by the change in the method of foreclosure

introduced by the act of 1897, and the plaintiff is entitled to a deficiency judgment in the present case. *Thompson v. West,* 59 Neb. 677.

We have examined, somewhat carefully, the several cases cited by the defendant, and, particularly, the recent ones of *Brown v. Campbell,* 68 Neb. 103; *Baker v. Grand Island Banking Co.,* 4 Neb. (Unof.) 100, and *Joslin v. Williams,* 3 Neb. (Unof.) 192, each containing different applications of the doctrine of *Hoy v. Anderson,* that as against a general creditor, who is seeking to subject a mortgaged homestead to payment of his claim, the homestead right attaches to the mortgagor's interest in the entire estate and can not be restricted to any specific portion, unless that interest is more than $2,000. None of them deal with the mortgagee's rights in the excess over $2,000.

To hold that the amount of plaintiff's lien in the present case must be deducted from the value of these premises, and that the homestead interest would only attach to the remainder, would be to apply the existence of this lien as a protection against its own provisional enforcement. Here is a clear equitable right secured by a distinct statute of the state, to the sequestration of the rents and profits of the entire 160 acres. On the other hand, there is a homestead right to the extent of $2,000, as to which this court holds that it is not to be destroyed by anything short of an order of sale. We see nothing in the homestead law in any way protecting more than the $2,000 worth of exemptions provided by that law. That much is left undisturbed by the receivership order in this case.

Of course, the result of this is that in all cases in which the mortgages are sufficient in amount to render the premises probably insufficient to pay them, and the premises are divisible, the mortgagor could be forced to select his homestead and to surrender to a receiver all of the premises in excess of such homestead right. What would be the result, if the premises were practically indivisible under the holdings of *Chadron Loan & Building Ass'n v. Smith*

and the cases following it, need not now be determined. Courts of equity are dealing with the rights both of the mortgagee to satisfaction and of the homestead tenant, mortgagor, to a protection for his family. Both should be vindicated as far as all the resources of the court will suffice to do so. The cases last mentioned show clearly that this court intends, where one or the other of these statutory rights must give way, that it shall be the mortgagee's. Whether in the case of an indivisible homestead property, largely in excess of the $2,000 limit in value, but insufficient to discharge the mortgage, which property was earning a large income and upon which taxes were accumulating or waste was taking place, a remedy could be found which would adequately guard the rights of both parties, is not our present concern. There is in this case no complaint as to indivisibility of the property or as to the trial court's division of it. Where, as in this case, the premises are readily divisible, and the homestead can be set off, we see no objection to doing so, when it is necessary for the satisfaction of the lien.

Of course, where there is a surplus above the mortgages, there could be no receivership necessary in order to protect the mortgagees. The mortgagor's homestead right would attach to whatever excess there was and would be protected as against the general creditors, but we do not feel disposed to say that the existence of plaintiff's mortgage on the homestead can be applied to protect the excess over the homestead right against its equitable appropriation in satisfaction of that mortgage.

It is recommended that the judgment of reversal heretofore entered in this cause be vacated and the judgment of the district court affirmed.

By the Court: For the reasons given in the foregoing opinion, the former judgment in this cause is vacated and the judgment of the district court is

AFFIRMED.