GEORGE B. FRANCE V. WILLIAM HOHNBAUM ET AL.[*]

FILED JANUARY 5, 1905. No. 13,641.

1. **Homestead: LIENS: PRIORITIES.** Where a mortgage lien exists upon a tract of land claimed as a homestead, and the mortgage debt is paid with the proceeds arising from a loan secured by a new mortgage on the same land, the interest of the claimant in the land being less than $2,000 in value in excess of the original mortgage debt, a judgment of a county court, a transcript of which was filed in the office of the clerk of the district court while the old mortgage was in force, is not a lien on the premises superior to that created by the new mortgage.

2. ———: **APPRAISEMENT.** Where a creditor files a petition under the statute for the appointment of appraisers to set aside a homestead, it is not error to allow the homestead claimant to file an answer and to contest the question whether the value of the homestead exceeds the amount of the homestead exemption before appraisers are appointed. If the court in such case finds that the value does not exceed the exemption it is entirely proper to refuse to appoint appraisers.

ERROR to the district court for York county: SAMUEL H. SORNBORGER, JUDGE. *Affirmed.*

*George B. France* and *Meeker & Wray*, for plaintiff in error.

*F. C. Power* and *Gilbert Bros., contra.*

LETTON, C.

This is an error proceeding brought to review a judgment of the district court for York county refusing to appoint appraisers to set off the homestead of defendant in

---

[*] Rehearing denied. See opinion, p. 74, *post.*

error. The facts are as follows: On May 10, 1888, plaintiff in error recovered a judgment against defendant in error in the county court of York county, a transcript of which was filed in the office of the clerk of the district court for that county on the 12th of the same month. Executions were issued upon this judgment from time to time, but no levy made on account of no property being found, and the judgment was thus kept from becoming dormant. On August 6, 1903, an execution was issued on the judgment and was levied upon a 62-acre tract of land upon which the defendant in error resided as his homestead. Plaintiff in error then filed his petition in the district court under the provisions of section 6 of the homestead act (Ch. 36, Comp. St. 1903, Ann. St. 6205), praying for the appointment of appraisers to set aside the homestead interest of the execution debtor. Notice was duly given of the time and place of the hearing, and before the hearing defendant in error filed an answer to the petition. A motion was made to strike the answer from the files on the grounds that no answer is authorized in this proceeding, and that no trial should be had at this time, but the motion was overruled and exception taken.

It appears that before the judgment of plaintiff in error was obtained 22 acres of the 62-acre tract which was claimed as a homestead, had been mortgaged to one Holt, and that the remaining 40 acres had been mortgaged to one Marvel. For convenience we will consider the 22-acre tract and the 40-acre tract separately, though in fact they are contiguous and form one body of land on which defendant in error resides. On December 12, 1890, the Holt mortgage was foreclosed, plaintiff in error being a party to the proceedings; the court found due on the mortgage the sum of $925, with interest and costs; found the 22 acres to be of less value than $1,000; that it was a homestead, and that plaintiff in error's judgment was not a lien on the same. Soon after this decree was rendered this tract was conveyed to one Miltner by defendant in error. Miltner on the 19th day of September, 1891, ex-

ecuted a mortgage to one Bowen, who lived in Illinois, for the sum of $1,000, and then reconveyed the premises to defendant in error. The money thus borrowed from Bowen was used to pay off the Holt decree on September 28, 1891. On January 9, 1900, defendant in error together with his son, who owned a small tract of land adjoining this, borrowed $1,800 from one Hummell, who also resided in Illinois, giving a mortgage covering the 22 acres and the son's land also. This mortgage was recorded on January 11, 1900. A release of the mortgage given to Bowen was executed in Illinois on December 30, 1899, but the testimony shows it was not delivered until the debt was paid with part of the money derived from the Hummell loan of $1,800, defendant in error testifying that it took $1,100 of that money to pay off the Bowen mortgage. The $1,800 mortgage to Hummell, of which defendant in error owed $1,100, was found to be a lien on the land by the district court, and we do not see how any other conclusion was possible.

As to the 40-acre tract, in 1884, a mortgage loan was made to one Marvel by defendant in error on this part of the land. On June 4, 1896, this mortgage was foreclosed in an action to which plaintiff in error was a party, and the decree found due the plaintiff the sum of $800, with interest and costs; found premises to be a homestead of less value than $2,000, and found that plaintiff in error's judgment was not a lien on the same. On December 31, 1897, $550 was borrowed by defendant in error from Mr. Hummell, and this was used in paying off and satisfying the decree, which was satisfied of record January 8, 1898. A mortgage was given at the time of the loan to secure the payment of the debt, which was still unpaid at the time of the hearing.

From this statement it will be seen that at the time of the hearing there were valid liens existing against the land amounting to at least $1,660. A number of witnesses were examined as to the value of the premises. The trial court found the total value to be $3,100, and this finding

seems to be fair and just from the testimony.  It is evident therefore that unless the making of a new mortgage to pay off a prior one divested the defendant in error of his homestead rights, no ground existed for the appointment of appraisers.  It appears however that at no time were the premises free from a mortgage lien.  A new one was created before the old was released.  There was no time in which the lien of the judgment could interpose, if such a thing were possible at all, which we do not decide.  The interest of the defendant in error has always been less than $2,000 in the premises, and there was nothing in existence upon which the plaintiff could levy his execution.  The action of the court in refusing to appoint appraisers therefore was proper.

As to the assignment that the court erred in not striking the answer from the files and in trying the issue as to homestead before the appointment of appraisers, the statute requires the application to be made on a verified petition showing:  (1) The fact that an execution has been levied on property which had been claimed as a homestead;  (2) the name of the claimant;  (3) that the value of the homestead exceeds the amount of the homestead exemption.  A notice of the time and place of hearing is required to be served upon the claimant at least ten days before the hearing.  At the hearing, upon proof of service and of the facts stated in the petition, the court shall appoint appraisers.  It is necessary therefore for the creditor to prove at the hearing that the value of the homestead exceeds the amount of the homestead exemption.  We see no reason why the claimant cannot contest the proof offered by the creditor, whether an answer is filed or not.  While there is no provision made in the statute for the filing of an answer, the manner of procedure is within the discretion of the district court, and unless an abuse of this discretion is shown a reviewing court will not interfere.  If appraisers had been appointed who had reported their finding to the court, there is no doubt that the homestead claimant might

have filed objections to their report and had a hearing upon the same before it was confirmed. But he was not obliged to wait until the report came in, unless he so desired, if the court was willing to grant him a hearing before the appraisers were sent out. The action of the court in this instance seems to have been fair and proper, and designed to save the unnecessary expense of making an appraisement.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on motion for rehearing was filed September 20, 1905. *Rehearing denied:*

Homestead: LIENS: PRIORITIES. Where the extent of the homestead and the value of the claimant's interest therein are less than that allowed him by law, a mortgage placed thereon after the rendition of a judgment against such claimant, for the purpose of paying off a prior mortgage, will not be affected by such judgment.

BARNES, J.

The questions involved in this case were decided by an opinion written by Mr. Commissioner LETTON, *ante*, p. 70, where it was held that a certain judgment in favor of the plaintiff and against the defendants was not a lien on the defendants' homestead superior to a mortgage, the proceeds of which were used to pay off another mortgage which was executed and recorded prior to the time the judgment was obtained; and that the court could refuse to appoint appraisers to appraise the defendants' homestead, which was sought to be subjected to execution sale, where it clearly appeared that such homestead did

not exceed 160 acres in extent, and that the defendants'
interest therein was less than $2,000. Plaintiff, having
filed a motion for a rehearing, in his brief and on the oral
argument contends that our decision conflicts with the
rule announced in *Beach v. Reed,* 55 Neb. 605; *Horbach
v. Smiley,* 54 Neb. 217, and *Brown v. Campbell,* 68 Neb.
103.

An examination shows that the question involved in
*Beach v. Reed* was whether a decree of foreclosure should
be reformed so as to include lands not embraced therein,
and it was decided that a mortgagee who purchased real
estate sold at judicial sale to satisfy the decree fore-
closing his mortgage was not entitled to have the fore-
closure decree and sheriff's deed reformed so as to include
therein lands not adjudged by the foreclosure decree to
be subject to the lien of the mortgage. Incidentally it
was said in the opinion that a debtor's homestead exemp-
tion is limited in quantity to two contiguous lots in an
incorporated city, town or village; if outside such cor-
poration, 160 acres of land; and in either case in value
to $2,000; and that a money judgment of the district
court becomes a lien upon all of the lands of the debtor
in the county, at least from the date of its rendition; and a
mortgage executed upon such lands thereafter will not
invest the mortgagee with a lien superior to the judg-
ment for anything more than the debtor's homestead
interest.

In *Horbach v. Smiley, supra,* it was held that under
the homestead law of 1867 a judgment is a lien on the
homestead, but that such lien cannot be enforced by
execution so long as the premises are owned and occupied
by a judgment debtor; but that the existing homestead
act exempts from forced sale upon execution or attach-
ment a homestead not exceeding in value $2,000; and a
judgment, while the premises are impressed with the
homestead character, is not a lien thereon, even after
their sale and abandonment by the debtor; that under the
present homestead law a judgment is a lien merely on

the debtor's *interest* in lands occupied as a homestead in
excess of $2,000. While in *Brown v. Campbell, supra,* it
was held that the head of a family has a homestead right
of the value of $2,000 in 160 acres of land owned and
occupied by him as a homestead, which is not the subject
of fraudulent alienation; that a conveyance of such home-
stead right will not be set aside as having been made in
fraud of creditors. It was further held that, if there was
a surplus in excess of the sum of $2,000 within the home-
stead limits, a conveyance of such surplus can be set
aside when made in fraud of creditors.

So it appears that the direct question involved in this
controversy did not arise in any of the foregoing cases.
On the other hand it is provided by section 1, chapter 36,
Compiled Statutes, 1903 (Ann. St. 6200):

"A homestead not exceeding in value $2,000, consisting
of the dwelling house in which the claimant resides, and
its appurtenances, and the land on which the same is
situated, not exceeding 160 acres of land, to be selected
by the owner thereof, and not in any incorporated city or
village, or instead thereof, at the option of the claimant,
a quantity of contiguous land not exceeding two lots
within any incorporated city or village, * * * shall be
exempt from judgment liens and from execution or forced
sale."

The effect of this section is to preserve to the head of
a family a homestead, not exceeding 160 acres of land, or
two contiguous lots in any incorporated city or village,
not exceeding in value $2,000, clear and free of judgment
liens, and all other liens and incumbrances, unless placed
thereon by the joint act of the husband and wife. Con-
struing this act it was held in *Hoy v. Anderson,* 39 Neb.
386, that the extent of a homestead is not to be deter-
mined from the fee simple value of the land, but from
the value of the homestead claimant's interest therein. It
appeared in that case that Anderson owned 160 acres of
land in this state of the value of $2,800, upon which he
resided with his family as a homestead; there was a valid

mortgage on the premises to secure the payment of 1,200; subsequently to the giving of the mortgage, but while the land was occupied as a homestead, two judgments were obtained against Anderson, transcripts of which were duly filed in the district court for the county in which the real estate was situated. On these facts, the court said:

"Applying the foregoing considerations to the case before us, it is clear that Anderson's interest in the land cannot be reached by an ordinary execution. The total value of the quarter section is but $2,800, and deducting therefrom $1,200, the amount of the mortgage, leaves Anderson's interest less than $2,000. It follows that the transcripted judgments are not liens upon the real estate. * * * To hold otherwise would be against the spirit, if not the very letter, of our homestead law."

It was further held in effect that, in case Anderson should convey the property to another, in that event the judgments could not be satisfied out of it because Anderson's grantee, taking the land in the then existing conditions, would hold it free and clear of judgment liens. In *Munson v. Carter,* 40 Neb. 417, it appeared that a homestead, which was exempt at and before the rendition of a judgment, was by mesne conveyances transferred from the judgment debtor to his wife. And it was held that the right of the wife to assert such homestead exemption was in no way affected by fraudulent intent with which either of the conveyances was given or received. In *Smith v. Neufeld,* 57 Neb. 660, this court held that one rightfully in the possession of a homestead can maintain an action for the removal of the apparent lien of a judgment therefrom, on the theory that such lien, though only apparent, is a cloud upon his title. In *Mundt v. Hagedorn,* 49 Neb. 409, it was decided that our homestead act exempts to those persons within its provisions a homestead not exceeding $2,000 in value over and above incumbrances, and that the exemption in such a case is determined, not from the value of the fee simple title, but from

the value of the claimant's interest in the premises. The foregoing decisions have been often approved and followed by us, and the principles announced therein have become a rule of property and the settled law of this state.

Applying the foregoing rules, if a debtor has a right, so long as his homestead interest is within the statutory limits, to transfer the homestead absolutely unincumbered by judgments that may be of record against him, he would have the right to execute mortgages on his homestead for the purpose of taking up and paying off prior existing mortgages which would be superior to any judgments against him, and the lien of such new mortgages would be in no way impaired thereby. The evidence in the case at bar clearly shows that the value of the defendants' homestead interests in the premises at no time since they purchased the property has approached the statutory limit; so, when the mortgages in question herein were executed thereon, they had a right to so incumber the homestead without regard to the plaintiff's judgment. Perhaps the reason of this rule, as heretofore stated, may not be entirely satisfactory to us, but the rule itself has been settled and established by such a long line of decisions that we do not feel at liberty at this time to change it. We conceive, however, that the principle on which these decisions rest is that the present homestead act expressly provides that a judgment shall not be a lien on the homestead of the judgment debtor; that is to say, it is not a lien on the land comprising such homestead so long as its extent is less than 160 acres of land, or two contiguous lots situated in an incorporated city or village, and his interest therein does not exceed the sum of $2,000. If a judgment is not a lien on the land embraced in the homestead of the judgment debtor, it, of course, is not a lien on his homestead interest therein.

From the statement of the facts in this case it appears that the mortgages which the plaintiff claims are now

subsequent and inferior to the lien of his judgment were executed and placed on record at a time when the defendants' interests in the homestead were less than $2,000, and at a time when no execution had been issued, and no attempt made to levy an execution upon the homestead. So there was no point of time when the plaintiff's judgment could or did become a lien on the land, and there never was any excess which could in any manner be impressed with such a lien. Such being the conditions when the execution in question herein was issued and levied, there was nothing upon which a lien could be impressed, and the trial court could in its discretion refuse to make the needless expense of appraising the interests of the defendants in the premises.

For the foregoing reasons, we are satisfied that our former opinion is right, and the plaintiff's motion for a rehearing is therefore

OVERRULED.