KIRBY MACKEY, APPELLEE, V. JAMES COX ET AL., APPELLANTS.

FILED APRIL 17, 1914.   No. 17,737.

Mortgages: FORECLOSURE: RECEIVER: HOMESTEAD.   Under the principles' announced in *Sanford v. Anderson*, 69 Neb. 249, the judgment of the district court is affirmed.

APPEAL from the district court for Jefferson county: LEANDER M. PEMBERTON, JUDGE.   *Affirmed.*

*W. J. Moss*, for appellants.

*John C. Hartigan* and *E. A. Wunder*, contra.

LETTON, J.

Defendant owned 160 acres of land which he occupied as his family homestead.   The land was incumbered by three mortgages.   The prior incumbrance amounted to $3,465, the second was for $1,600 and interest, and the third for $5,200 with interest.   This action was brought to foreclose the third mortgage.   A decree was rendered foreclosing the second and third mortgage, leaving the first as

95 Neb. 53

an existing lien.  An application was then made by plaintiff for the appointment of a receiver for 120 acres of the tract, alleging that the defendant was insolvent, and that the remaining 40 acres of the tract constituted the homestead of defendant.  The court set apart 40 acres containing the family home and other buildings and improvements as the defendant's homestead, and appointed a receiver for the other 120 acres.  From this order defendant appeals.  The value of the whole tract is about $7,000 and the 40-acre tract set apart as the homestead is worth $2,000.

Ordinarily a receiver will not be appointed to collect the rents and profits of a homestead for the benefit of a mortgage creditor.  *Chadron Loan & Building Ass'n. v. Smith,* 58 Neb. 469; *Laune v. Hauser,* 58 Neb. 663.  A general creditor cannot procure to be set apart any portion of a homestead in order to subject it to sale on execution, unless the value of the homestead, exclusive of incumbrance, exceeds $2,000.  *Hoy v. Anderson,* 39 Neb. 386; *Prugh v. Portsmouth Savings Bank,* 48 Neb. 414.  Relying upon these decisions, defendant argues that, since after the deduction of the mortgage debts from the value of his entire 160 acres there is not $2,000 in value left, the court had no authority to appoint a receiver, and he is entitled to retain possession of the whole 160 acres as his homestead.  We cannot take this view.  A like contention was made in the case of *Sanford v. Anderson,* 3 Neb. (Unof.) 561, and on rehearing, 69 Neb. 249.  At the first hearing it was held that, the mortgagor's interest in the whole tract being less than $2,000, he was entitled to hold the same as a homestead, and that the court erred in appointing a receiver; but upon rehearing the whole question is carefully examined and a contrary conclusion reached.  It was pointed out "to hold that the amount of plaintiff's lien in the present case must be deducted from the value of these premises, and that the homestead interest would only attach to the remainder, would be to apply the existence of this lien as a protection against its own provisional enforcement," and that the effect would be to allow more than a $2,000 exemption, if it was so held.  Defendant in

this case has had the full amount of his homestead exemption set apart to him by the decree of the district court. This is all he is entitled to.

The judgment of the district court is therefore

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.