FIRST TRUST COMPANY OF LINCOLN, TRUSTEE, APPELLEE, V. MARY BAUER ET AL., APPELLANTS.

FILED APRIL 11, 1935. No. 29243.

*Herman Ginsburg,* for appellants.

*Stewart, Stewart & Whitworth, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

DAY, J.

This is an appeal from an order appointing a receiver in a mortgage foreclosure suit. The suit to foreclose the mortgage was commenced December 12, 1931, and a decree was entered November 20, 1933. The petition for the appointment of a receiver was filed January 8, 1934, and the appointment was made March 9, 1934.

The evidence justifies the appointment of a receiver. The affidavits as to the value of the property are in conflict. The amount due on decree and taxes was $19,396.41 when the receiver was appointed. From a consideration of the appraisals made by the witnesses, we conclude that the property would not sell for a sum sufficient to satisfy the judgment and the taxes.

Appellants contend that the property was a homestead and that the court should not have appointed a receiver for this reason. "The remedy of appointment of a receiver to take charge of the property in certain contingencies in an action of foreclosure of a real estate mortgage is not applicable where the mortgaged property is the homestead of the mortgagor, direct defendant in the suit." *Chadron Loan & Bldg. Ass'n v. Smith*, 58 Neb. 469. "Ordinarily, a receiver will not be appointed in a foreclosure suit, when the mortgaged property is the homestead of the mortgagor." *Laune v. Hauser*, 58 Neb. 663.

The mortgagor, John Bauer, now deceased, at the time of his death occupied with his family a house on lot 5. In this house were several apartments which were and now are rented to tenants. Lot 5 is a part of the mortgaged premises. On a contiguous lot, number 6, was a separate building containing a number of apartments which were always rented to tenants. It does not appear that there was any connection between the use of lot 5 and lot 6. The receiver was appointed to take charge of lot 6. None

of the family of the deceased mortgagor lived in the apartment house on lot 6.

Section 40-101, Comp. St. 1929, is as follows: "A homestead not exceeding in value two thousand dollars, consisting of the dwelling-house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner thereof, and not in any incorporated city or village, instead thereof, at the option of the claimant, a quantity of contiguous land not exceeding two lots within any incorporated city or village, shall be exempt from judgment liens, and from execution or forced sale, except as in this chapter provided."

Several cases are cited by appellant to the effect that two lots may constitute a homestead. *Storz v. Clarke,* 117 Neb. 488; *Norfolk State Bank v. Schwenk,* 51 Neb. 146; *Radbruck v. First Nat. Bank,* 95 Neb. 288. Other cases also cited describe a homestead as an apartment house in which mortgagor lives with his family (*Hess v. Eselin,* 110 Neb. 590); a hotel which was occupied by mortgagor (*Foltz v. Maxwell,* 100 Neb. 713); and property used for other purposes in addition to its use as a dwelling place (*Corey v. Schuster,* 44 Neb. 269). However, these cases do not control the instant one because the mortgagor and his family never occupied the premises, for which the receiver was appointed, as a home. It is as separate and distinct a property as though it were separated by miles instead of being contiguous. The larger apartment house is not an appurtenance of the smaller house. If lot 6 were a vacant lot and a part of the grounds appurtenant to the dwelling, it would then come within the rule of the cases cited. An apartment house on a lot contiguous to the one on which the mortgagor dwells in a house containing several apartments which are leased to tenants is not a part of mortgagor's homestead as contemplated by section 40-101, Comp. St. 1929.

This court recently said in reference to the homestead as between mortgagor and mortgagee: "It means the actual

home of the family including the lands and buildings constituting the same, and the possession and ownership of all of which may be successfully defended by either husband or wife during the marriage state against the independent acts of either, and against joint acts of either or both." *Storz v. Clarke,* 117 Neb. 488. Paraphrasing the language as applicable to this case, it reads: As between mortgagor and mortgagee, the homestead means the actual home of the family including the lands and buildings constituting the same. The larger apartment house on lot 6 is not the actual home of the family, nor is it included as lands and buildings constituting said homestead.

Another contention of the appellee is that the order of the court permitted the receiver to take possession of property not covered by the mortgage. It does not appear from the order that such is the case. Other assignments of error are waived because not argued in the briefs or a discussion is unnecessary to a decision of the case. There is no error in the judgment.

AFFIRMED.