ISAAC MINER

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

| 58 | 59 |
|---|---|
| 23a | 645 |
| 58 | 59 |
| 156 | 521 |
| 58 | 59 |
| 168 | 406 |
| 58 | 59 |
| 98a | ²387 |
| j98a | ²392 |
| 58 | 59 |
| 198 | ²546 |

1. ADULTERY—*proof of.* The statutory crime of adultery can not be proved by a single act, or even a number of acts, of illicit intercourse. The statute requires an "open state of adultery." The living together must be open and notorious, as if the relation of husband and wife existed, and the illicit intercourse habitual.

2. Adultery is illicit intercourse between a married person and one of the opposite sex, whether married or single, and to sustain the charge there must be proof of actual and not reputed marriage.

3. WITNESS—*competency of to prove charge of adultery.* Where a married woman is tried for the crime of adultery, it is error to permit her husband to testify for or against her, nor has the statute of 1867 altered the rule.

APPEAL from the Circuit Court of Bond county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. S. P. MOORE, for the appellant.

Mr. WASHINGTON BUSHNELL, Attorney General, for the people.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

At the April term, 1869, of the Bond County Circuit Court, appellant was indicted. There are two counts in the indictment; one that he and Eliza Jones lived together in an open

state of adultery, the one having a lawful wife, and the other a lawful husband, living ; and the other count is, that they lived together in an open state of fornication.

The jury found the appellant guilty, under the first count, and the court imposed a fine of twenty dollars, and rendered judgment for costs.

A new trial should have been granted in this case, for a number of reasons.

The crime of adultery can not be sustained, by proof of the familiarities shown on the trial, or a single act of illicit intercourse, or a number of acts. The language of the statute is, " an open state of adultery." The living together must be open and notorious, as if the relation of husband and wife existed. The illicit intercourse must be habitual.    *Searls* v. *The People*, 13 Ill. 597.

The evidence discloses no such relation between the parties. It barely creates a presumption of illicit intercourse.

Adultery is criminal intercourse between a married person, and one of the opposite sex, whether married or single. It is a criminal offense. To sustain it, there must be proof of actual marriage. Reputation and cohabitation are not sufficient. There must be strict proof of the fact. *Harman* v. *Harman*, 16 Ill. 85 ; 1 Greenleaf Ev. Sec. 49, 9 ed.

The only proof that appellant was a married man, was rumor. Neither was the evidence satisfactory that Eliza Jones was a married woman. Samuel Jones, her alleged husband, testified that " they had lived together, and had six children." No proof of marriage was offered. He might have stated, if true, that they were actually married. The evidence adduced merely afforded a presumption of marriage. This was wholly insufficient.

If Samuel Jones was the husband of Eliza, then he was an incompetent witness. She was a party indicted with appellant. It may be assumed, as an inflexible rule, that where husband or wife is a party, neither can be a witness, either for or against the other, except as modified by the statute. This

is not changed by the act of 1867. (Gross' Statutes, 275.) That act applies only to civil cases.

The judgment is reversed and the cause remanded.

*Judgment reversed.*