## M. D. HOY v. LEWIS ANDERSON.

FILED FEBRUARY 20, 1894.     No. 5094.

1. **Homestead: VALUE.** The extent of a homestead is not to be de-
termined from the fee-simple value of the land, but from the
value of the homestead claimant's interest therein.

2. **Lien of Judgment Upon Homestead.** A owns 160 acres
of land in this state, of the value of $2,800, upon which he re-
sides with his family as a homestead. There is a valid mortgage
upon the premises to secure the payment of $1,200, no part of
which sum has been paid. Subsequent to the giving of the
mortgage, but while the land was occupied as a homestead, two
judgments were obtained against A, transcripts of which were
duly filed in the district court of the county in which the real
estate is situated. *Held,* That the judgments are not liens upon
said premises.

ERROR from the district court of Polk county. Tried
below before MILLER, J.

*Albert & Reeder,* for plaintiff in error:

The extent of the homestead is to be determined by the
value of the land, and not by the value of the claimant's
interest therein. (*Yates v. McKibben,* 66 Ia., 357; *Raber
v. Gund,* 110 Ill., 589.)

*J. L. Makeever* and *E. L. King, contra,* cited: Thompson, Homestead & Exemption, secs. 656–663; Boone, Law of Mortgages, p. 319; *Quinn's Appeal,* 86 Pa. St., 447; *Hill v. Johnston,* 29 Pa. St., 362; *Vermont Savings Bank v. Elliott,* 18 N. W. Rep. [Mich.], 805.

NORVAL, C. J.

Defendant in error commenced an action in the court below against Samuel Maxwell and M. D. Hoy, for the purpose of having two judgments declared not to be liens upon certain premises claimed as a homestead. Defendant in error Lewis Anderson is now, and has been for ten years last past, a married man, and the head of a family, residing in Polk county, this state. For three years prior to the instituting of this action he has owned and occupied as a homestead the following real estate, to-wit: The northwest quarter of section 1, township 15, range 3 west, containing 160 acres, and no more, which premises do not exceed in value $2,800. There is now, and has been for three years past, a mortgage on said real estate amounting to $1,200, leaving the equity of Anderson in said quarter section not to exceed the value of $1,600. Subsequent to the recording of the mortgage, Samuel Maxwell recovered a judgment against Anderson and others in the county court of Merrick county for $163.16 and $11.50 costs, and on the 15th day of December, 1888, a transcript of said judgment was filed in the office of the clerk of the district court of Polk county. One M. D. Hoy obtained a judgment in the county court of Platte county against said Anderson and others, in the sum of $605.08 and $31.50 costs, and on the 17th day of September, 1889, said judgment was duly transcripted to the district court of Polk county. Each of the above mentioned judgments was rendered upon an ordinary debt, and not upon any claim whatsoever which would bind the homestead. Ander-

son filed his petition in the district. court setting up the foregoing facts. The defendants appeared and filed separate demurrers to the petition, which were overruled, and defendants failing and refusing to answer, the cause was heard upon the petition and evidence, and a decree rendered in favor of plaintiff. Defendant Hoy brings the case to this court for review on error.

The sole question in this case is whether the extent of a homestead in this state is to be determined from the fee-simple value of the land, or from the value of the homestead claimant's interest therein above the mortgages and other valid liens. The question presented is a new one in this court, and calls for a construction of the provisions of our homestead law.

Section 1, chapter 36, of the Compiled Statutes declares that "a homestead not exceeding in value $2,000, consisting of the dwelling house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding 160 acres of land, to be selected by the owner thereof, and not in any incorporated city or village, or instead thereof, at the option of the claimant, a quantity of contiguous land not. exceeding two lots within any incorporated city or village shall be exempt from judgment liens and from execution or forced sale, except as in this chapter provided."

Section 2 provides that if the claimant be married, the homestead may be selected from the property of the husband, or from the separate property of the wife, with her consent.

Section 3 reads as follows: "The homestead is subject to execution or forced sale in satisfaction of judgments obtained: First—On debts secured by mechanics', laborers', or vendors' liens upon the premises. Second—On debts secured by mortgages. upon the premises, executed and acknowledged by both husband and wife, or an unmarried claimant."

It will be observed that the statute does not limit the right of homestead to any particular estate in land. It does not require that the claimant must be the owner of an estate in fee-simple in order to entitle him to the benefits of the homestead law. We are persuaded that any interest in land, coupled with the requisite occupancy by the debtor and his family, is sufficient to support a homestead exemption. In *Giles v. Miller*, 36 Neb., 346, it was ruled that the ownership of an undivided interest in land occupied as a homestead will sustain a claim of exemption from forced sale on execution or attachment as to such interest in the land. It has been held in Dakota, under a statute quite similar to ours, that homestead rights can be claimed in real estate held under a contract of purchase, although all the purchase money has not been paid. (*Myrick v. Bill*, 5 Dak., 167.) So in Michigan, a homestead can be acquired in land held under a partly paid school-land certificate. (*Allen v. Cadwell*, 55 Mich., 8.) If an interest in land less than the fee is sufficient to entitle a claimant to the benefits of the provisions of the homestead act, and there can be no doubt of it, it follows logically that the extent of a homestead is to be determined by the value of the claimant's interest in the land, whatever it may be. In case a valid mortgage upon the homestead remains unpaid, the mortgagor is entitled, as against subsequent judgment creditors, to the statutory exemption of $2,000 over and above the amount of the mortgage lien. That this is the proper construction to be given to the sections already quoted is made more clear when we consider the language of section 16 of the homestead law, which declares that "if the homestead be conveyed by the claimant, or sold for the satisfaction of any lien mentioned in section 3, the proceeds of the sale beyond the amount necessary to the satisfaction of such lien, and not exceeding the amount of the homestead exemption, shall be entitled, for the period of six months thereafter, to the same protection against legal

process and the voluntary disposition of the claimant which the law gives to the homestead." Under this section, where a homestead is sold to satisfy a mechanic's or mortgage lien, the proceeds of the sale above the amount sufficient to discharge such lien, to the extent of $2,000, are exempt from execution for the period of six months thereafter. It is reasonable to suppose that the legislature intended in enacting the statute that the extent of the homestead right should attach to the claimant's interest in the land over and above the amount of all valid mortgages or mechanics' liens thereon. This construction we have adopted is not without precedents elsewhere, and certainly is in line with the liberal rule of construction which always obtains in the interpretation of exemption laws. The following authorities have more or less bearing upon the question we have been considering: *Quinn's Appeal,* 86 Pa. St., 447; *Hill v. Johnston,* 29 Pa. St., 362; *Lozo v. Sutherland,* 38 Mich., 168; *Vermont Savings Bank v. Elliott,* 53 Mich., 256.

Applying the foregoing considerations to the case before us, it is clear that Anderson's interest in the land cannot be reached by an ordinary execution. The total value of the quarter section is but $2,800, and deducting therefrom $1,200, the amount of the mortgage, leaves Anderson's interest less than $2,000. It follows that the transcripted judgments are not liens upon the real estate, and the court below did not err in so decreeing. To hold otherwise would be against the spirit, if not the very letter, of our homestead law.

It is said that the mortgage may in the future be paid off and released, or the land may increase in value, and it is argued from this that plaintiff below was not entitled to the relief prayed for. The decree only determined the rights of the parties at the time it was pronounced. In the event the land should rise sufficiently in value, or the mortgage thereon be canceled, the judgment creditors would

be entitled to enforce their judgments against the land, should it remain Anderson's property. The decree is

AFFIRMED.