PHŒBE A. MUNSON, APELLANT, V. THOMAS W. CARTER ET AL., APPELLEES.

FILED MAY 2, 1894.     No. 5001.

Homestead: FRAUDULENT INTENT. The ownership of a homestead, exempt at and before the rendition of a judgment, was by *mesne* conveyances transferred from the judgment debtor to his wife. *Held*, That the right of the wife to assert such homestead exemption was in no way affected by the fraudulent intent with which either of said conveyances was given or received.

APPEAL from the district court of Adams county. Heard below before GASLIN, J.

*C. H. Tanner* and *Capps & Stevens*, for appellant.

*Batty, Casto & Dungan, contra.*

RYAN, C.

In the district court of Adams county appellant filed her petition, in the nature of a creditor's bill, against the

appellees with the view of subjecting to the satisfaction of
a judgment in her favor the southeast quarter of section 22
township 6 north, range 11 west, 6th P. M., a tract of land
lying and being situate in said county. It was, in effect,
alleged in this petition that originally the title of said lands
had been held by the judgment defendant, Thomas W.
Carter, by whom (his wife joining) it was conveyed to U.
S. Rohrer; by whom it was conveyed to Lydia J. Carter,
who (her husband, Thomas W. Carter, joining) conveyed
to G. W. Spicknall, who now holds the title for the bene-
fit of Thomas W. Carter. The petition contained aver-
ments which, if sustained by proof, would have entitled
the appellant to the relief prayed, for fraud and fraudulent
intentions were freely charged against both the grantors
and grantees in each conveyance noted. The allegations
as to G. M. McKinzie, the Kansas City & Omaha Railroad
Company, and the Muscatine Mortgage & Trust Company
were simply that each claimed an interest in, or lien upon,
the above described real property, and as against each there
was a prayer akin to that for the foreclosure of a mortgage
or other lien. No special mention need be made of the
nature or description of the interest or liens just referred,
for our decision must be governed wholly by other consid-
erations. The answers of the appellees contained denials
of the fraudulent intent charged in the petition as to the
several conveyances therein described, and alleged that the
conveyance to Lydia J. Carter and that to G. W. Spicknall
were made for a valuable consideration in each instance,
the first as an absolute conveyance, the second as security
for the payment of $325 due from Thomas J. Carter to G.
W. Spicknall. There were in the joint answer of Thomas
W. Carter and Lydia J. Carter averments of the relation
of husband and wife between them, and of facts which in
law were sufficient to exempt from judicial sale as a home-
stead their interest in the real property—subject as it was
to the mortgages therein described. As to the right of

homestead exemption claimed, issues were duly joined, involving necessarily the existence of the mortgage liens described in the aforesaid answer. The district court, justified by amply sufficient evidence, found generally for the appellees, and specially that at the time of the recovery of plaintiff's judgment, and ever since, the property in question was, and is, the property of Thomas W. Carter; and that there are valid liens on said premises prior to the said judgment of plaintiff, placed there by Thomas W. Carter and his wife, under the provisions of section 3, chapter 36, Compiled Statutes of Nebraska, to the amount of $1,800; that the value of said premises at the time of the recovery of plaintiff's judgment was, ever since has been, and now is, $3,700; that the equity of said Thomas W. Carter was at the time of the recovery of said plaintiff's judgment, ever since has been, and still is, $1,900; that at the time of the recovery of plaintiff's judgment it is admitted by the petition, and shown by the evidence, that said premises was the homestead of said defendant Thomas W. Carter and his family, consisting of himself and wife, of which he then was, ever since has been, and is now the head. The court further found that the real property sought to be subjected had been the homestead of said Thomas W. Carter and his family ever since the recovery of plaintiff's judgment and for considerable time prior thereto. As a conclusion of law the court found that under the homestead law the property was exempt from judicial sale for the satisfaction of the claim of the appellant, and that it would therefore be immaterial whether or not a fraudulent intent existed in the alleged conveyances, and, thereupon, the appellant's action was dismissed. The findings of fact and the conclusions of law, upon a full examination of the case, meet with our approval, and the judgment of the district court is

AFFIRMED.