HENRY MUNDT, EXECUTOR, APPELLEE, V. ANNA HAGE- DORN ET AL., APPELLANTS.

FILED OCTOBER 21, 1896.   No. 6726.

1. **Homestead: CONVEYANCE TO WIFE: JUDGMENT CREDITORS OF HUS-BAND.** A wife, who by *mesne* conveyance from her husband acquires property exempt as the homestead of the family, takes the title thereof unincumbered by judgments against the husband, although the purpose of such conveyance may have been to defraud creditors of the latter. (*Munson v. Carter*, 40 Neb., 417.)

2. ———: **VALUE: INCUMBRANCES.** Section 1, chapter 36, Compiled Statutes, exempts to those persons within its provisions a homestead not exceeding $2,000 in value over and above incumbrances. The exemption in such case is determined not from the value of the fee-simple title but from the value of the claimant's interest in the premises. (*Hoy v. Anderson*, 39 Neb., 386.)

APPEAL from the district court of Douglas county. Heard below before WALTON, J.

*McClanahan & Halligan,* for appellants.

*Simeon Bloom, contra.*

POST, C. J.

This was a creditor's bill in the district court for Douglas county by the plaintiff, Henry Mundt, as executor,

etc., of Hans Stoltenberg, deceased, against the defend-
ants, Henry Hagedorn and Anna Hagedorn, husband and
wife, and also Matthew E. Munix and Emma D. Munix,
husband and wife. It is shown by the petition, and not
disputed, that the plaintiff, in his capacity as executor,
on the 5th day of January, 1894, recovered a judgment
against the said Henry Hagedorn in the sum of $429.35,
and costs of suit, taxed at $4, a transcript of which was
in due form filed in the office of the clerk of the district
court for said county, and that an execution subsequently
issued thereon was returned wholly unsatisfied, the de-
fendant therein named being insolvent. It is therein
further shown that the said Henry Hagedorn, on the 5th
day of February, 1891, for the express consideration of
$2,500, conveyed to his co-defendant, Emma D. Munix, who
is his daughter, the property in controversy, to-wit, a lot
or parcel of land, therein particularly described, 152 feet in
length by 64 feet in width, in section 10, township 15, range
13 east, in Douglas county; that on the day last named
the said Emma D. Munix and her husband, Matthew E.
Munix, by a warranty deed, in due form conveyed said
premises to the said Anna Hagedorn, the mother of the
said Emma D. Munix and the wife of the said Henry
Hagedorn, and that said conveyances, and each of them,
were made without consideration and for the sole purpose
of defrauding the creditors of the said Henry Hagedorn.
The defendants answered separately, Munix and wife
denying the fraud alleged and disclaiming title or interest
in the premises, while Hagedorn and wife, after a denial
in substantially the same terms, charged that the said
Anna, on the 20th day of September, 1869, loaned to the
said Henry Hagedorn $950; that on the 24th day of Au-
gust, 1880, she advanced to her said husband the sum of
$450, and on October 11, 1880, the further sum of $863,
to be, and which in fact was, used and expended in pay-
ing for and improving the property therein described;
that it was the understanding when said money was so
advanced that the deed for said property should be taken

and remain in the name of the said Anna Hagedorn, and that the conveyances above mentioned were made for the purpose of giving effect to the understanding upon which the aforesaid advancements were made, and for no other purpose; that said property has at all times since the purchase thereof, in the year 1869, been occupied by said defendants as a homestead, and that the said conveyances were made subject to a prior mortgage of $1,500. The reply was, in substance, a general denial. There was a hearing before the district court, resulting in a decree in accordance with the prayer of the petition, from which the Hagedorns have prosecuted an appeal to this court.

We quite agree with the district court that the evidence fails to establish a trust in favor of the said Anna Hagedorn, and that her relation to her husband resulting from the advancements mentioned (and as to which there is no substantial controversy) is that of a creditor only. We assume, also, as a proposition fully sustained by the proofs, that the purpose of the said Henry was, by means of the conveyances mentioned, to defeat the claims of other creditors; but can the decree for the plaintiff be defended in view of the other facts disclosed by the record? That the property described has been occupied by the Hagedorns as a homestead for nearly or quite twenty years cannot be disputed, and the existence of a prior mortgage thereon, in favor of James Stuhr, for $1,500, is clearly established by the proofs. Two witnesses were introduced by the plaintiff, one of whom placed the value of the property at $6,400 and the other at $4,000. Defendants were, over their objection, restricted to three witnesses upon that issue, and who placed the value of said property at $2,240, $2,400, and $2,500, respectively.

It is apparent from the record that the district court, for reasons not disclosed, failed to find the value of the property, and that that question is now an open one to be determined upon the proofs adduced, of which a synopsis is given above. A consideration of the subject in the light of the evidence has led to the conclusion that the

property in controversy did not, at the time in question, exceed $3,500 in value, or, in other words, that the interest therein of Henry Hagedorn did not, on the 5th day of February, 1891, exceed $2,000, the value of the homestead exemption secured to him by law. It was held in *Munson v. Carter*, 40 Neb., 417, that a wife who acquires the family homestead by *mesne* conveyance from her husband takes the title thereof unincumbered by judgments against the husband, although the purpose of such conveyance may have been to defraud creditors of the latter. And in *Hoy v. Anderson*, 39 Neb., 386, section 1, chapter 36, Compiled Statutes, was construed as exempting to one within the provisions thereof a homestead not exceeding $2,000 in value over and above liens thereon; in short, that the extent of the homestead exemption is determined, not from the value of the fee-simple title, but from the claimant's interest in the premises. The reasoning of these cases leads to a conclusion adverse to the plaintiff's claim. The decree will accordingly be reversed and the cause dismissed.

REVERSED AND DISMISSED.