## STATE OF NEBRASKA V. WALTER P. BYRUM.

FILED JUNE 20, 1900.   No. 11,221.

1. **Enactment of Law:** PRESUMPTIVE EVIDENCE. The General Statutes of 1873 are presumptive, but not conclusive, evidence of enactment of a law published therein.

2. ———: ENROLLED LAW: PRINTED PUBLICATION: VARIANCE. When there is a variance between an enrolled law deposited with the secretary of state and a printed publication thereof, under legislative authority, the enrolled act governs and controls.

3. **Amendatory Act:** REPEAL: CONSTITUTIONAL REQUIREMENT. A purely amendatory act must set out the section as amended, and, in addition, contain a provision for the repeal of the old section sought to be amended.

4. ———: ADULTERY: INVALID LAW. The act of 1875 (Session Laws, p. 2), amendatory of certain sections of the Criminal Code, including section 208, relating to adultery, is invalid, since it contained no provision for the repeal of the sections amended as by the constitution required.

5. **Construction of Statute:** MEANING OF WORDS. In construing a statute, words should be given their usual meaning.

6. **Definition of Adultery.** Under section 208 of the Criminal Code a single act of sexual intercourse by a married man with an unmarried woman constitutes the crime of adultery.

ERROR to the district court for Stanton county. Tried below before GRAVES, J. Writ of error by the state. *Exceptions sustained.*

*Constantine J. Smyth, Attorney General, Willis D. Oldham, Deputy, G. A. Eberly* and *W. W. Young,* for the state:

The term "adultery," as used in the Criminal Code of this state, is properly defined as "voluntary sexual intercourse of a married person with a person other than the offender's husband or wife." Bouvier's Law Dictionary, Rawle's revision, vol. 1, title "Adultery"; 2 Wharton, Criminal Law, sec. 1721a; *Bailey v. State,* 36 Nebr., 808.

The statute provides for three classes of cases: first, where a man commits adultery; second, if he deserts his wife and lives and cohabits with another woman in a state of adultery; third, if living with his wife he shall keep any other woman and wantonly cohabit with her in a state of adultery. *Lord v. State,* 17 Nebr., 527; Criminal Code, sec. 208.

This court has recognized the fact that it is a crime committed against the wife of the guilty husband; and this is the reason assigned for the rule which makes her a competent witness against her husband where he is charged with adultery. *Owens v. State,* 32 Nebr., 167, 174.

*John A. Ehrhardt* and *John B. Barnes, contra:*

If the court holds that the portion of the statute which reads, "If any married man shall commit adultery," is sufficient without any further words to base a criminal charge upon, then this court is driven to the common law definition of adultery in order to aid the statute. We can not go anywhere else, and the common law states the rule to be that an act of sexual intercourse between

29

a married man and an unmarried woman is not adultery on the part of the man. 1 Am. & Eng. Ency. of Law [2d ed.], 747; *Ohio v. Connoway,* Tappan [Ohio], 90; *State v. Armstrong,* 4 Minn., 251.

It is the living and cohabiting together in a state of adultery that constitutes the offense. Maxwell, Criminal Procedure, p. 94.

It is the married man, who, living with his wife, keeps another woman and wantonly cohabits with her in a state of adultery.

The information charges none of these several situations. *Swccnie v. State,* 59 Nebr., 269.

The information must charge the language of the statute. Maxwell, Criminal Procedure, p. 70.

NORVAL, C. J.

An information was filed by the county attorney of Stanton county in the district court of that county charging "that Walter P. Byrum, on the 19th day of June in the year of our Lord one thousand eight hundred and ninety-nine, in said county and state aforesaid, being then and there married to and the lawful husband of one Lizzie Byrum then alive, did then and there commit the crime of adultery with one Lena Ackels an unmarried woman, by he, the said Walter P. Byrum then and there having carnal knowledge of the body of her, the said Lena Ackels." The defendant interposed to the information a general demurrer, which the court below sustained and dismissed the cause. This is a proceeding brought by the county attorney, under section 515 of the Criminal Code, to review said decision. The main question is whether a single act of sexual intercourse by a married man with a single woman is adultery subjecting him to the penalty prescribed by section 208 of the Criminal Code. This section in its original form was passed by the legislature in 1873, and as carried into the General Statutes of that year reads as follows:

Sec. 208. If any married woman shall hereafter com-

mit adultery, or desert her husband, and live and cohabit with another man, in a state of adultery, she shall, upon conviction thereof, be imprisoned in the jail of the county, not exceeding one year, and if any married man shall hereafter commit adultery, desert his wife, and live and cohabit with any other woman, in a state of adultery; or if any married man, living with his wife, shall keep any other woman, and notoriously cohabit with her, in a state of adultery; or if any unmarried man shall live and cohabit with a married woman, in a state or adultery; every person so offending, shall be fined in any sum not exceeding two hundred dollars, and be imprisoned in the jail of the county not exceeding one year." The enrolled bill in the office of the secretary of state discloses that the word "or" appears in the section following the word "adultery" and preceding "desert." The omission of the disjunctive conjunction from the published law changes somewhat the meaning of the section, since if the section is read without "or" inserted at the place indicated it would require a married man to "commit adultery, desert his wife, and live and cohabit with any other woman in a state of adultery"—all of these things—to become amenable to the penalty prescribed by this section; while if the section is construed with the word "or" inserted, the commission of any one of the acts designated in the section quoted constitutes the crime of adultery. As the information in this case does not charge that the defendant deserted his wife and lived and cohabited with another woman, it therefore is important whether the enrolled bill or the published statutes controls. The General Statutes of 1873 were printed and published by the authority of the legislature, and such fact is presumptive evidence of the general laws of this state in force at the close of the session of the legislature of 1873. But it is very evident that where there is a variance between an enrolled law and the printed publication thereof, authorized by the legislature, the latter must yield to the former. No erroneously printed statute or law, by

legislative sanction, can take the place of, or override, the law as actually passed, enrolled, approved and deposited in the office of the secretary of state, the proper custodian. There is no escaping the conclusion that section 208, as the same originally passed, made a married man amenable to its provisions who either committed a single act of adultery or who deserted his wife and lived and cohabited with any other woman in a state of adultery.

The legislature of 1875 attempted to amend said section 208 so as to read thus:

"Sec. 208. If any married woman shall hereafter commit adultery, or desert her husband and live and cohabit with another man in a state of adultery, she shall, upon conviction thereof, be imprisoned in the jail of the county not exceeding one year; and if any married man shall hereafter commit adultery, or desert his wife and live and cohabit with any other woman in a state of adultery, or if any married man living with his wife shall keep any other woman and wantonly cohabit with her in a state of adultery, or if any unmarried man shall live and cohabit with a married woman in a state of adultery, every person so offending shall be fined in any sum not exceeding two hundred dollars, and be imprisoned in the jail of the county not exceeding one year." Session Laws, 1875, p. 11.

But the amendment of 1875 is invalid, because the act of 1875 contained no provision for the repeal of the original section attempted to be amended. *Reynolds v. State*, 53 Nebr., 761. At the last session of the state legislature held in 1899 said section 208 was amended. But this last amendment not having become effective at the time the adulterous act was charged in the information to have taken place, such amendment is not applicable in this case, but the information must stand or fall under the original section 208 quoted above, not as it appears in the General Statutes of 1873, but as it actually passed, as disclosed by the enrolled bill. To charge a crime of adultery thereunder, against a married man, it is not

essential that the information aver that the accused deserted his wife and lived and cohabited with another woman in a state of adultery, since the statute declares that "if any married man shall hereafter commit adultery," he shall be liable upon conviction to the penalty prescribed by said section 208. A single act of sexual intercourse by a married man with a single woman constitutes the crime of adultery. But it is argued that this doctrine is opposed to the common law definition of adultery. At common law adultery was not a crime, but adultery was punishable by the Ecclesiastical courts, and according to the Ecclesiastical law, unlawful sexual intercourse by a married man with another woman, whether she be married or single, constitutes adultery. But we are not driven to the Ecclesiastical law for the definition of adultery. Prior to the enactment of the Criminal Code there had existed in Nebraska a statute authorizing a divorce "when adultery has been committed by any husband or wife." Revised Statutes, 1866, ch. 16, sec. 6. Without any legislative definition of the word "adultery" as used in the divorce statute, divorces had been frequently granted upon proof of a single act of adultery committed by the husband or wife with a person of the opposite sex whether married or single. In passing the Criminal Code in 1873, the legislature must have had in view the meaning of adultery as used in the divorce statute as adopted by the courts and employed the word in the same sense in section 208. In construing a statute, words should be given their usual and well recognized meaning. There is no escaping the conclusion that the information charged a crime. 2 Wharton, Criminal Law, sec. 1721; Bishop, Statutory Crimes, secs. 655, 656; *Bailey v. State,* 36 Nebr., 808; *Commonwealth v. Call,* 38 Mass., 509; *Helfrich v. Commonwealth,* 33 Pa. St., 68; *State v. Fellows,* 50 Wis., 65; *Cook v. State,* 11 Ga., 53; *State v. Glaze,* 9 Ala., 283; *White v. State,* 74 Ala., 31; *Miner v. People,* 58 Ill., 59; *State v. Hutchinson,* 36 Me., 261; *Territory v. Whitcomb,* 1 Mont., 359; *Holdren v. State,* 29 Ohio St., 651.

The exceptions of the county attorney are accordingly sustained.

EXCEPTIONS SUSTAINED.