Hamilton v. North American Accident Ins. Co.

MILDRED HAMILTON ET AL., APPELLEES, V. NORTH AMER-
ICAN ACCIDENT INSURANCE COMPANY, APPELLANT.

FILED MARCH 18, 1916.   No. 18560.

1. **Appeal:** AFFIRMANCE: INSTRUCTED VERDICT.   Upon a jury trial in
district court, if each party asks an instructed verdict in his
favor, the decision of the court for plaintiff will be sustained if a
verdict could be sustained for plaintiff upon the evidence with
proper instructions.

2. **Insurance:** POLICY: CONSTRUCTION.   The word "dwelling" alone is
not commonly used with exactly the same meaning as the words
"dwelling house."   As that word is used in the policy in suit, un-
der the circumstances in which the insured was placed, it is
capable of being understood to mean, "home or place of habitation."
If the insured did so understand and the insurer had reason to
suppose she so understood it, that meaning must prevail.   Rev. St.
1913, sec. 7909.

3. **Appeal:** AFFIRMANCE. · In this case it is not so clear that the trial
court was wrong in so construing the evidence as to require a re-
versal.

APPEAL from the district court for Keith county:
HANSON M. GRIMES, JUDGE.   *Affirmed.*

*H. E. Goodall, Edward St. Clair* and *H. A. Dano,* for
appellant.

*Wilcox & Halligan, Flickinger & Powell* and *L. A. De
Voe, contra.*

SEDGWICK, J.

These plaintiffs, Mildred Hamilton and Clarence Ham-
ilton, minors, by their guardian, I. N. Flickinger, recov-
ered a judgment in the district court for Keith county
against the defendant on an insurance policy, and the de-
fendant has appealed.

The policy was issued to the mother of these minors,,
and provided: "Two thousand dollars for loss of life oc-
curring within 30 days from date of the event causing the

fatal injury, provided the assured shall sustain exclu-
sively by the means hereinafter stated, bodily injuries,
effected solely by external, violent and accidental means,
and which, independently of all other causes, shall be
immediately, continuously and wholly disabling, and
which shall be the sole and exclusive cause of the death
of the assured within the time limit of this paragraph, as
follows." Then follow twelve provisions purporting to
limit the liability on the policy, the fourth being:

"By the burning of a dwelling, hotel, theater, clubhouse,
lodge room, school building, office building, store or barn,
in which the assured may be burned by fire or suffocated
by smoke, but this shall not apply to or cover the assured
while acting as a volunteer or paid fireman."

The insured was a widow, who was supporting and edu-
cating, largely by her own efforts, these two young chil-
dren. The evidence is that she was attempting to ex-
tinguish fire which had burned some rubbish in the rear
of her dwelling house in the village of Ogallala, and while
attempting to stamp out the smouldering fire her clothing
became ignited. She ran to a neighboring house, and
there the burning of her clothing was extinguished, and
she was carried to her own house, where within a few
hours she died from the effects of the burns. One wit-
ness who, from a distance of "about a block," saw the
clothing of the deceased take fire, was asked: "Q. Was
this fire on her own lot? A. I should think it would be
in the street, but I don't know." She was also asked:
"Q. Where was that fire? A. Right north of the fence
around her yard; between that and the road. * * *
Q. State what she was doing. A. She had burned off
the weeds and grass, and there was a little cinders that
was burning, and she was walking on that and tramping
it out with her feet, so that the blaze wouldn't blow over
into her buildings." The defendant contends that this evi-
dence shows that the accident happened in the street, and
not on her premises. The parties each asked for an in-
structed verdict, and the court directed a verdict for

plaintiffs. Under the oft-announced rule, we must sustain the decision of the court if a verdict for the plaintiffs could be sustained upon the evidence with proper instructions. That is, all issues of fact will be considered as found in favor of the decision, and those findings upon conflicting evidence will not be disturbed unless clearly wrong. Within this rule it will, if necessary to support the judgment, be considered that the court found that the accident occurred upon the premises of the deceased, and such finding is not so unsupported that we can say that it is clearly wrong. It is conceded that the injury was "effected solely by external, violent and accidental means," and was within the terms of the policy, unless excluded by the limiting clause. The defendant contends that paragraph 4 of the limiting clause above quoted applies directly and precludes a recovery on the policy. The plaintiffs point out that if the 12 limiting articles are construed as defendant contends, the result is that the deceased, under the circumstances in which she was placed at the time of procuring the insurance, had practically no indemnity by the policy of which her children could avail themselves in the event of her accidental death, so that with such a construction of the policy she paid her premium practically without consideration. It is substantially alleged in the reply, which is without objection treated as alleging a substantial issue in the case, that the deceased understood when she bought the policy that her children were protected by the policy against any fatal accident that might happen to her while she was at her home; that the defendant company knew that she so understood the policy and purposely led her to rely upon the insurance with that meaning. The word "dwelling" alone is not commonly used with exactly the same meaning as the words "dwelling house." Webster's New International Dictionary defines "dwelling," as "habitation; place or house in which a person lives." The words "dwelling house" are given a much more restricted meaning. The trial court was asked to find that

this insurance company took the money of this woman and gave her a policy in which it agreed to pay her children "two thousand dollars for loss of life occurring within 30 days from date of the event causing the fatal injury," and then followed that agreement with a long list of provisions of such a nature as to practically deprive the children of any protection whatever. The trial court considered that the use of the word "dwelling" instead of the expression "dwelling house" might reasonably be understood by the insured to include her "habitation" or home place, that the insurer had reason to believe that she did so understand it, and that section 7909, Rev. St. 1913, applies: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it."

Under the peculiar circumstances of this case, we cannot say that the trial court was wrong, and the judgment is

AFFIRMED.