Foltz v. Maxwell.

---

JOHN D. FOLTZ ET AL., APPELLEES, v. CHARLES H. MAXWELL, ET AL., APPELLANTS.

FILED DECEMBER 29, 1916.    No. 18970.

1. Homestead.    If man and wife reside in a building upon two ordinary town lots owned by them for several years and have no other home, such building will, while they make their home therein, constitute their homestead as against their creditors, although they have, during their residence therein, conducted a hotel in such building.

2. ———.    Under such circumstances no formal declaration that they have selected such property as their homestead is necessary.

3. Executors and Administrators: SALE OF HOMESTEAD: LACHES.    A homestead is not subject to administrator's sale to pay debts of the deceased owners thereof as against their children and heirs;

but, if such sale is duly ordered and is in all respects regular, and the children and heirs, with knowledge of the sale to an innocent purchaser, acquiesce therein for more than five years after becoming of legal age, knowing that the purchaser is in the meantime making valuable and permanent improvements of the property, such conduct and laches will estop them to maintain an action in equity to establish an interest in the property.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Reversed, with directions.*

R. E. *Evans,* for appellants.

J. J. *McAllister* and W. V. *Steuteville,* contra.

SEDGWICK, J.

These plaintiffs began this action in the district court for Dakota county to set aside an administrator's deed and to establish and quiet their title in two lots in the town of Dakota City in that county. Their father and mother owned these lots, and died intestate. An administrator was appointed of their respective estates, and, upon proceedings brought for that purpose, the administrator sold the lots at public sale to pay claims allowed against the estate of the decedents. The district court determined that the lots constituted the homestead of the decedents, and that the administrator's sale was void, and quieted the title of the plaintiffs in the property. The defendants have appealed.

It is conceded that the proceedings that resulted in the administrator's sale were regular in form and were sufficient to pass the title if the property had been subject to the debts of the decedents. The plaintiffs contend that the property constituted the homestead of the decedents and was not subject to sale for their debts. The defendants present two questions: First, they contend that it is not sufficiently shown that the property was the homestead of the decedents; and, second, that the plaintiffs are estopped by their conduct and their laches to claim any interest in the property as against the defendants.

1. The decedents occupied the property and conducted a hotel therein. They had done so for several years, and it is contended by the defendants that their occupancy was only for the purpose of conducting a hotel, and that they, nor either of them, had never selected the property as a homestead. These decedents had lived in this property for more than five years, and had made it their home, and there is no evidence that they had any other home or any other property. No outward act of selection of a homestead is necessary under such circumstances, and we are satisfied that the property was the homestead of the decedents, and was not of greater value than $2,000, and was therefore not subject to the payment of their debts.

2. The other question is a more difficult one. At the time of the sale of the property by the administrator some of these plaintiffs were of legal age, and the others became of legal age soon thereafter. The property was in a dilapidated condition, and its use was of little if any value, and the defendants at once began substantial and permanent improvements. The finding of the trial court that they expended a large amount for such improvements is fully justified by the evidence, and after they had made most of these substantial improvements, and while they were continually improving the property, and after these plaintiffs had arrived at full legal age, the plaintiffs watched the progress of these improvements, saw them from day to day, and delayed the commencement of this action for more than five years. The plaintiffs' attorney alleges that both the plaintiffs and the defendants knew that the defendants' title was void, and that the plaintiffs were continually asserting their rights to the property, and that the defendant Maxwell was seeking by negotiations to complete his title; but the plaintiffs' attorney does not refer us to parts of the record that will establish this condition of things, and we have not found such evidence in the record. On the other hand, the defendants in their

briefs refer us to evidence which tends to show that the plaintiffs, some of them, assisted in making the improvements in the employment of the defendant Maxwell, and were by him paid in full for their services in so doing, and that the other plaintiffs made no claims to the property until this action was begun, and that the defendant Maxwell bought the property in good faith, and paid its value therefor at the time, and considered that his rights were perfect, as his generous investment in improving the property would also indicate. Under these circumstances we think that the plaintiffs, by their conduct and their silence, encouraged the defendant Maxwell in making these improvements, and, by their laches in so long delaying their action, are not now in a position to assert any equities in the property.

The judgment of the district court is reversed and the cause remanded, with instructions to enter a decree quieting the defendants' title in the property.

REVERSED.

FAWCETT and HAMER, JJ., not sitting.