J. P. HESS, TRUSTEE, PLAINTIFF, v. GEORGE C. ESELIN ET AL., APPELLEES: JACOB L. KALEY, APPELLANT.

FILED JUNE 27, 1923. No. 23308.

1. **Homestead:** CONVEYANCE. The homestead interest of a judgment debtor may be conveyed or incumbered to the full extent of $2,000, and the vendee will take the title free of the judgment.

2. ———: EXTINGUISHMENT. Where there is a mortgage for $5,000 upon realty subject to a homestead interest, and the owner executes a second mortgage thereon for $2,000, reciting that, "The purpose of this mortgage is to mortgage * * * all of his homestead rights," the homestead is thereby extinguished as against an intervening judgment lien, which attaches to any excess in value above the two mortgages.

3. ———: ———: SALE UNDER EXECUTION. The homestead interest having been extinguished, the sheriff was not required to take notice of a written claim of homestead, and a sale of the property on execution upon the judgment was valid, and the sheriff's deed in pursuance thereof passed all title and interest of the claimant to the purchaser.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. Affirmed.

J. L. Kaley and John M. Macfarland, for appellant.

Charles W. Haller, contra.

Heard before MORRISSEY, C. J., DAY and ALDRICH, JJ., COLBY and REDICK, District Judges.

REDICK, District Judge.

This action was brought by J. P. Hess, trustee, for the purpose of foreclosing a mortgage upon certain real estate, but the questions arising on this appeal are between two defendants, George C. Eselin and Jacob L. Kaley, as to whether or not the property in question, to

the extent provided by statute, constituted a homestead of Eselin, and therefore not subject to the lien of Kaley's judgment against him. For the purposes of convenience Eselin will be referred to as plaintiff and Kaley as defendant. The facts are practically undisputed and may be summarized as follows:

March 1, 1918, Eselin acquired the property in controversy, consisting of less than two city lots, by means of a contract of purchase, and moved into the premises with his family, consisting of a number of minor children, and has ever since occupied the same. There is a single building upon the premises, but consisting of four apartments, in one of which Eselin and his family reside. The entire building is supplied with only one water system and a central heating plant, and the property is worth about $8,000, less incumbrances. There is no evidence tending to show that it is feasible or practicable to separate the apartment occupied by Eselin and set it off as a homestead, and no effort has been made in that direction. July 30, 1919, Eselin married Emma Morgan, who on June 6, 1921, obtained a divorce from him, which did not become operative under the statute for a period of six months thereafter. The decree was filed June 10, 1921.

Prior to the October, 1919, term, Kaley sued Eselin in the district court for Douglas county on a $10,000 note, and at said term, and on January 9, 1920, recovered a judgment for $11,284.42. Eselin appealed to the supreme court without a supersedeas and the judgment was affirmed June 8, 1921. In the fall of 1920, pending appeal, in garnishment proceedings on the judgment, Eselin filed his claim for personal exemptions, stating therein, as required by law, that he owned no homestead, and the court allowed the personalty exemptions, the sum of $400 impounded being awarded claimant.

December 29, 1919, Eselin entered into a written contract of exchange with one Vizzard by which he agreed to convey the real estate in question to Vizzard, and

Vizzard agreed to convey to Eselin another piece of real estate in the city of Omaha. January 9, 1920, Eselin and wife executed and delivered to Vizzard their deed, which was recorded, it being understood between the parties that Eselin should remain in possession until Vizzard's deed to him was executed and delivered. In the meantime Vizzard took charge of the Eselin property, collected the rents and paid the expenses, but collected no rent from Eselin, but never executed a conveyance to Eselin, for the reason that the Kaley judgment rendered the same day but a little later than the delivery of Eselin's deed to Vizzard, by reason of the lien thereof relating to the first day of October term, constituted an apparent cloud upon Eselin's title and would so continue until the appeal was determined. The execution of the contract of exchange remained in abeyance under the conditions above stated until June 8, 1921, the date of the affirmance of the judgment, and on that date Vizzard rescinded the agreement, rendered a full accounting, and reconveyed to Eselin the property in controversy. On the same day Eselin executed and delivered a mortgage upon the property to the First National Bank for $2,000, reciting that he was a single man, and that "the purpose of this mortgage is to mortgage * * * all of his homestead rights and other rights in said premises."

Execution upon Kaley's judgment having been levied upon the property, upon June 6, 1921, Eselin served notice in writing upon the sheriff that he claimed the property as his homestead, but the sheriff disregarded the notice and sold the property to Kaley for $1,000. Eselin filed objections to the confirmation of the sale on the ground that the property was his homestead, and, the objections being overruled, appealed to this court, where the judgment confirming the sale was affirmed for the reason that the question of homestead could not be litigated upon the motion to confirm the sale, but holding that, notwithstanding such sale, Eselin had the right in a proper proceeding to litigate the homestead question,

which he seeks to do in this proceeding by way of answer to the cross-petition of Kaley filed in the foreclosure case. The district court entered a decree foreclosing the plaintiff's mortgage and a mortgage in favor of the First National Bank of Omaha, finding that Eselin was entitled to a homestead interest to the amount of $2,000 as against the Kaley judgment, but that, subject to the mortgages and said $2,000 homestead interest, the sheriff's deed to Kaley was valid, and Kaley appeals to this court. Eselin filed a request for stay, which Kaley moved to strike, and Kaley also appeals from the order overruling said motion.

It will therefore be noted that a single question is presented for determination, namely, whether or not Eselin is entitled to a homestead exemption in the property described as against the Kaley judgment, as in view of the conclusion we have 'reached it will not be necessary to consider the error assigned relating to the overruling of the motion to strike the request for a stay.

The moment Eselin entered into a contract for the purchase of the premises and took possession of a portion thereof and occupied it as a homestead for himself and family, the premises became impressed with a homestead interest to the extent of $2,000 of its value over and above incumbrances, and this interest subsists and will be protected unless the homestead has been conveyed in the manner required by statute or intentionally 'abandoned as such by the plaintiff.

It is first suggested that, by the contract with Vizzard and the conveyance to Vizzard by Eselin and wife, the homestead interest was extinguished. No doubt if that contract had been carried out the result would have been as claimed, and other necessary conditions being present the homestead interest would attach to the property received in exchange. This would not help Kaley, however, because, if Eselin had a homestead interest, he had a right to sell it to Vizzard free of defendant's judgment,

and within six months thereafter reinvest it in another homestead which would not be subject to sale under the judgment. Comp. St. 1922, sec. 2828. Until he acquired another homestead he was entitled to the existing one, never having completely abandoned it by giving up possession.

However, we think the transaction between Eselin and Vizzard must be looked upon as an unsuccessful and uncompleted attempt to transfer the homestead right, and that Eselin, never having given up possession, always retained a sufficient interest to support the claim of homestead, and that the reconveyance by Vizzard simply restored the situation as it was before the contract. In this view of the matter it is immaterial whether the attempt at a conveyance was before or after the incipiency of any lien arising from the judgment.

It is also contended that by the mortgage to the First National Bank, placed expressly upon the homestead interest and being executed subsequent to the judgment, such interest was extinguished and the judgment lien let in.

In December, 1919, Eselin, on his personal note, borrowed from the First National Bank $2,800 for the purpose of paying the remainder of the purchase price and obtaining a deed of the property in question, and the money was so applied; the loan was reduced by $800 through payments made by Vizzard on Eselin's account from the surplus revenue derived from rentals of the apartments, and when the Vizzard contract was rescinded and an accounting had, the mortgage for $2,000 was given as security for the balance due on the loan. It was dated June 8, two days after the decree of divorce was pronounced and two days before it was journalized, and this accounts for the recital that Eselin was a single man, though in law and in fact the decree was not effectual to sever the marriage tie until six months later, and Eselin attempted to defeat it on the ground that he was still married and the instrument, being upon the home-

stead and not signed by the wife, was void; but the lower court held the mortgage valid and that question is not presented by this appeal. The mortgage recited that it was upon the homestead interest, but the effect would have been no different if it had merely been for a loan without such recital; in either case it operated, as against the judgment lien, to secure to Eselin his full homestead exemption of $2,000. The property was sold under the Kaley judgment June 14, 1921, after the mortgage to the bank. The real question, therefore, to be decided is whether or not the sheriff's sale was void, and this depends upon whether or not Eselin had a homestead interest at the time. We held in *Kaley v. Eselin,* 108 Neb. 544:

"When an execution debtor has a valid right of homestead in real estate levied on and gives the sheriff, holding the execution, the statutory notice of his claim of homestead therein, a subsequent sale of said property without compliance with the provisions of chapter 29, Rev. St. 1913, is void; but, as the statute provides no method of determining the validity of such claim of homestead, when the same is disputed, the question should be determined in a proper action upon issues regularly joined, and unless and until such disputed right is so determined such sale will not be held to be invalid."

Let us see, then, how the matter stands. Prior to the giving of the mortgage to the bank, Kaley's judgment was a lien upon any excess of value in the property over and above the $5,000 mortgage and the $2,000 homestead exemption, and if the sale had been made prior to the giving of the mortgage we would be compelled to hold it void, because, as we have seen, notwithstanding the Vizzard transaction, Eselin had a homestead interest in the property to the extent of $2,000. This interest he might sell or mortgage and Kaley would have no cause to complain; but he would have no right to increase liens upon the property, after the lien of the judgment attached,

beyond what they were at that time, plus the homestead interest. But what was his position after having given the mortgage for $2,000? He had loaded the property to the full extent he might lawfully do as against the Kaley judgment. He had, by the mortgage, in effect conveyed his homestead right in the premises to the bank and had nothing left as against the judgment. The mortgage to the bank may have been void, not having been signed by the wife, but the decree found it a valid lien, and as no error is assigned in this respect the finding of the validity of the mortgage has become the law of the case and cannot be disturbed. But Kaley is not thereby placed in any worse position, because his lien was only upon the excess over and above the mortgage and homestead exemption; in fact, his position is improved because, the mortgage having extinguished the homestead right, the sheriff's sale under which he claims escapes being held void.

We are of the opinion that at the time of the sheriff's sale, Eselin had no homestead right in the property, and that thereby Kaley has succeeded to all the right and title of Eselin therein. The effect of the decree is to preserve and secure to Eselin all the protection to which he is entitled under the homestead laws. The judgment creditor is in the same position he would have been in had the mortgage not been given, except the point as to the validity of the sale; the mortgage simply taking the place of the homestead interest. The writer is not clear whether it is contended that Eselin is entitled to a homestead interest over and beyond the bank's mortgage, but such contention would be clearly untenable, for the reason that it would increase the liens upon and interests in the property prior to the judgment to the sum of $9,000 and thus put the creditor, after his lien had attached, by the act of the debtor alone, in a worse position than he occupied before the giving of the mortgage. *Beach v. Reed,* 55 Neb. 605.

Notwithstanding some diversity of opinion between this and the district court as to some of the legal questions involved, we think the result reached by the decree of the lower court is correct and it should be affirmed.

AFFIRMED.