MARY IRENE HAWLEY ET AL., APPELLEES, V. MERTIE M. ARNOLD, APPELLANT.

288 N. W. 823

FILED NOVEMBER 28, 1939. No. 30677.

*Hoagland, Carr & Hoagland,* for appellant.

*E. H. Evans* and *Urban Simon, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ., and KROGER and ELLIS, District Judges.

KROGER, District Judge.

This is an action in equity brought by Mary Irene Hawley and William Hawley, wife and husband, to have a judgment in favor of Mertie M. Arnold declared not to be a lien upon certain premises claimed as a homestead. From a decree granting plaintiffs substantially the relief prayed for, this appeal is prosecuted by the defendant.

The record discloses that Mary Irene Hawley is the owner of lot 12 and the east one-half of lot 11, block 8, North Platte Town Lot Company's Addition to North Platte, Lincoln county, Nebraska, and since December 31, 1933, plaintiffs have occupied said premises as their homestead; that on the 15th day of January, 1934, Mary Irene Hawley, and her husband, mortgaged said premises to the Occidental Building & Loan Association to secure a loan of $5,000; on the 3d day of February, 1934, a deficiency judgment was entered against Mary Irene Hawley and William Hawley in favor of Mertie M. Arnold in the sum of $1,500; on February 16, 1938, this action was instituted against Mertie M. Arnold to have the title to said premises quieted in plaintiffs and the judgment of the defendant canceled, set aside and decreed not to operate as a lien or to cloud the title to plaintiffs' homestead property; issues were joined on this petition and decree entered, finding generally in favor of the plaintiffs and against the defendant, finding that the premises in question constituted the homestead of the plaintiffs, and that, at the time of the entry of the decree, there was no equity over and above the mortgage and homestead

exemption upon which the judgment lien could operate, and decreeing that the apparent lien of the judgment should be removed and adjudged not to operate as a lien on said premises, "without determining that such may not become a lien in the future, depending upon future events."

It is the contention of appellant that appellees had at one time claimed lots 1 and 2 in block 24 of North Platte Town Lot Company's Addition to North Platte as their homestead, and were claiming it as such when the decree of foreclosure was entered, out of which decree the deficiency judgment of $1,500 arose, and that they are now estopped from claiming a homestead in other property; that even if they are entitled to a homestead in the premises in controversy, all of the improvements cannot be claimed as exempt, for the reason that the improvements are a duplex, consisting of separate six-room houses, separated by a solid wall, and one of which units has never been occupied by the plaintiffs, but has been leased to tenants as revenue producing property; that the value of said premises is more than the encumbrances and the homestead exemption; and that the judgment lien attaches to any interest in the property above the homestead exemption, notwithstanding prior encumbrances on the property.

As to appellant's first contention, the record discloses that appellees did occupy and claim as their homestead lots 1 and 2 in block 24 of North Platte Town Lot Company's Addition to North Platte up until the time they vacated the same in December, 1933. It is equally clear from the record that, beginning with December 31, 1933, the appellees occupied and claimed as their homestead the premises involved in this action, and we know of no rule of law which would prevent the appellees from so claiming a homestead interest in the latter property and none has been called to our attention by appellant in her brief. Their former homestead was about to be taken from them by foreclosure proceedings, and they had a perfect right to select a new homestead, which was done in this case; the appellees having made their selection and occupied the premises as their

homestead before the deficiency judgment was entered, they were then entitled to their homestead exemption in the premises as against appellant's judgment.

With reference to appellant's next contention that all the improvements on the premises are not exempt, for the reason that the improvements consist of a duplex structure, consisting of two separate dwellings divided by a solid wall, the record discloses that the improvement is a single unit, all under one roof and a single structure, although there is a dividing wall through the building separating the same into two divisions with separate basements and separate heating plants. Under these circumstances, it cannot be said that the improvements are separate structures on the same premises, and we hold that the entire improvement constituted appellees' homestead.

In a similar situation, this court, in the case of *Corey v. Schuster*, 44 Neb. 269, 62 N. W. 470, speaking through Commissioner Ragan, used the following language: "The law does not contemplate by the word 'dwelling-house' any particular kind of house. It may be a 'brown stone front,' all of which is occupied for residence purposes, or it may be a building, part of which is used for banking or business purposes, or it may be a tent of cloth. All that the law requires on the subject is that the homestead claimant and his family should reside in this habitation or dwelling-house, whatever be its character, on the premises claimed as a homestead." And it was held that, where the first floor of a structure was used for mercantile purposes and the second floor for residential purposes, the entire building constituted the family homestead. See, also, the case of *Hess v. Eselin*, 110 Neb. 590, 194 N. W. 469, where it was held that an apartment house, in which mortgagor lived with his family, constituted a homestead; and the case of *Foltz v. Maxwell*, 100 Neb. 713, 161 N. W. 254, where a hotel was held to constitute a homestead, where a portion of the same was occupied by the homestead claimant.

Appellant's contention that the value of the property exceeds the homestead exemption and the encumbrances

thereon is not borne out by the record. While in her brief the appellant argues that the mortgage had been reduced to $3,425.49 as of September 12, 1938, there was no evidence introduced at the trial supporting that allegation. It is true that to the bill of exceptions there is attached an exhibit, designated as "Exhibit A," which is a copy of a petition in foreclosure filed by the Occidental Building & Loan Association against the Hawleys, and in which it is alleged that the amount due on said $5,000 mortgage as of September 12, 1938, is $3,425.49, but this exhibit was not introduced in evidence, and the record is bare of any testimony as to the amount of encumbrances against the property, except as of February 3, 1934, and the testimony is that on that date the encumbrance was $5,024.

There were three witnesses who testified as to the value of the premises at the time of the trial, two on behalf of plaintiffs and one produced by the defendant. One of plaintiffs' witnesses placed the value at $5,000. The other placed it at $6,500. Defendant's witness first placed the value at $7,500, but on cross-examination stated that, for the purpose of sale at that time, he would place the value at $6,750.

The trial court's finding that there was no equity in the property, over and above the encumbrances and the homestead exemption, is amply sustained by the record.

Appellant's final contention that a judgment lien attaches to any interest in the property above the homestead exemption, notwithstanding a prior encumbrance, has been disposed of adversely to her by this court in the cases of *Hoy v. Anderson,* 39 Neb. 386, 58 N. W. 125, and *Mundt v. Hagedorn,* 49 Neb. 409, 68 N. W. 610, where it was held that the extent of the homestead interest is not to be determined from the fee-simple value of the property, but from the value of the homestead claimant's interest therein.

The judgment of the trial court was right and is

AFFIRMED.