REQUESTED BY: Henry D. Smith, M.D., M.P.H., Director of Health, Department of Health, Lincoln, Nebraska.
Do the provisions of the Nebraska Uniform Standards for Manufactured Housing Units Act, sections 71-1555 to 71-1567, R.R.S. 1943, apply solely to modular housing units that are one and two family dwellings or do they also apply to multifamily modular housing units such as six plexes, eight plexes, apartments and hotels.
The standards apply not only to one and two family houses in which people live but also to multi-family housing units in which people live.
According to section 71-1559, R.S.Supp., 1978:
 "Every manufactured housing unit . . . shall bear a seal issued by the department certifying that the construction and the structural plumbing, heating, and electrical systems of such manufactured housing unit have been installed in compliance with the standards adopted by the department, applicable at the time of manufacture. . . ."
Under section 71-1557, R.R.S. 1943, `manufactured housing unit' is defined as:
 ". . . any dwelling whose construction consists entirely of, or the major portions of its construction consists of, a unit or units not fabricated on the final site for the dwelling unit, which units are movable or portable until placed on a permanent foundation and connected to utilities. Manufactured housing units shall be taxed as real estate. The term manufactured housing unit shall not include a mobile home." (Emphasis added.)
`Dwelling' is not defined in the statute. You have asked whether the definition of `dwelling' on page 40 of the Uniform Building Code, 1976 Edition, is controlling. That code was incorporated by reference into department Rule 47 which sets the standards for plumbing, heating and electrical systems installed in manufactured housing units. However, its use cannot be expanded to determine who is covered by those standards. That is a job for the Legislature which cannot be delegated.
`Dwelling' should be given its usual and well recognized meaning. See State v. Byrum, 60 Neb. 384, 389,83 N.W. 207 (1900). That meaning according to the court inHamilton v. North American Accident Insurance Co., 99 Neb. 579,581, 157 N.W. 111, 112 (1916), is `habitation; place or house in which a person lives.' In allowing a homestead exemption the court has recognized that a person may live in a building where the first floor is used for a mercantile business, Corey v. Schuster, 44 Neb. 269, 62 N.W. 470
(1895); in an apartment house, Hess v. Eselin, 110 Neb. 590,194 N.W. 469 (1923); in a hotel, Folz v. Maxwell,100 Neb. 713, 715, 161 N.W. 254 (1916); or in a duplex, Hawleyv. Arnold, 137 Neb. 238, 288 N.W. 823 (1939).
We have concluded that the usual and well recognized meaning of `dwelling' in Hamilton, above, is broad enough to include multi-family units, apartments and hotels. To use that definition for `dwelling' in section 71-1557, R.R.S. 1943, is consistent with the purpose of the Nebraska Uniform Standards for Manufactured Housing Units Act stated in section 71-1556, R.R.S. 1943: to promote construction which will foster the health and safety of the numerous personsliving in manufactured housing units.