REQUESTED BY: Dear Senator Lewis:
You have asked several questions about the constitutionality of the above act. Apparently you are prepared to introduce remedial legislation if it is necessary.
You have asked whether the phrase `persons living as spouses' in the above act and section 42-918 in the above act are unconstitutionally vague. We have concluded that the phrase is sufficiently specific and at least part of section42-918 is constitutional.
A civil law was challenged as being unconstitutionally vague in State v. A. H., 198 Neb. 444, 253 N.W.2d 283
(1977). The court said:
 "Most decisions invoking the constitutional void for vagueness doctrine have dealt with statutes and ordinances imposing criminal sanctions. It is clear, however, that this doctrine applies equally to civil statutes. Yet even in criminal statutes the language adopted need not afford an interpretation approaching mathematical certainty. . . ." Supra at 449.
 "The due process command imposed by Amendment XIV to the Constitution of the United States, and Article I, section 3, Constitution of Nebraska, translates into two basic requirements. The statute's language must be sufficiently specific that persons of ordinary intelligence must not have to guess at its meaning. The statute must contain ascertainable standards by which it may be applied. This does not demand total absence of vagueness in a statute, but merely requires that a statute provide adequate notice of what conduct it requires or prescribes as well as guidelines by which a violation of the statute may be fairly and nonarbitrarily determined." Supra at 448, 449.
Under a rule of statutory construction, a term not defined in the statute is to be given its usual and ordinary meaning. See State v. Byrum, 60 Neb. 384, 387,83 N.W. 207 (1900). The courts often turn to a dictionary to find such a meaning. `Spouse' is defined in The American HeritageDictionary of the English Language, 1969, 1970, 1971, as one's marriage partner; a husband or wife. In Attorney General Opinion #113 (June 27, 1977), we cited cases from other jurisdictions in which `marriage' was defined according to common usage as the union of a man and a woman. Using those definitions, `persons living as spouses' would be a man and woman living together as marriage partners. This is consistent with the dialogue on page 07084 of the legislative history of Laws 1978, LB 623:
Q. "[T]his does not only apply to spouses. It also applies to people living together, right?"
A. "As spouses, . . ."
Thus the phrase `persons living as spouses' is sufficiently specific that it is not necessary to guess at its meaning.
Section 42-918, R.R.S. 1943, is a criminal law. It provides:
 "Under sections 42-901 to 42-927, strict confidence shall be observed in all contact with victims of spouse abuse and their families. Any record, report, or files maintained by the department pursuant to sections 42-901
to 42-927 shall be confidential, except that the department may release statistical information, while not releasing names. Violation of this section shall be a Class V misdemeanor."
The standards by which the first sentence of that section is to be applied may not be ascertainable and thus its constitutionality is questionable. However, the rest of the section is quite specific about which records of the department are not to be disclosed except for statistical data which does not include the names of the victims of spouse abuse and their families. `Abuse', `family', and `department' are defined in section 42-903, R.R.S. 1943. Thus that portion of section 42-918 should pass constitutional muster at least as well as the statute challenged for vagueness inState v. Dreifurst, 204 Neb. 378, N.W.2d (1979). (That statute made it a crime to abuse any sheriff, constable or any other officer in the execution of his office, but abuse of an officer was not defined. The court held the defendant had been adequately informed of the charge against him by an information which specified the acts constituting the abuse in his case.)
You have also asked if there are any due process problems with the ex parte exclusionary orders provided for by sections 42-924 and 42-925, R.R.S. 1943. We have concluded that there probably are not.
Section 42-924 provides that a district court or conciliation court or judge thereof may issue a temporary restraining order without bond on the filing of an application and supporting affidavit by any victim of domestic abuse. It may enjoin the adverse party from (1) imposing any restraint upon the person or liberty of the applicant; (2) threatening, assaulting, molesting, attacking, or otherwise disturbing the peace of the applicant; or (3) entering the family dwelling or the dwelling of the applicant upon a showing that physical or emotional harm would otherwise result. Under section 42-925, such an order may be issued ex parte if the circumstances of the case demand it, i.e., it must reasonably appear from the specific facts shown by the affidavit of the applicant that irreparable harm, loss, or damage will result before the matter can be heard on notice. `If such order is issued without notice to the adverse party, the court shall cause immediate notice of the application to be given the adverse party, that he or she may show cause, not less than five days after service upon him or her, why such order should not remain in effect.'
Under the Fourteenth Amendment to the U.S. Constitution and Article I, section 3 of the Nebraska Constitution, no person shall be deprived of life, liberty, or property, without due process of law. The general rule is that due process includes the right to be heard before life, liberty or property are taken away. See Albin v. ConsolidatedSchool District, 106 Neb. 719, 723, 184 N.W. 141 (1921), and Bell v. Burson, 402 U.S. 535, 29 L.Ed.2d 90,91 S.Ct. 1586 (1971). However, in Burson, the Court acknowledged that in emergency situations (which did not include that case where petitioner's driver's license had been taken away), the hearing could come after the interest had been terminated. The emergency situations cited where those inFahey v. Mallonee, 332 U.S. 245, 91 L.Ed. 2030,67 S.Ct. 1552 (1947), and Ewing v. Mytinger Casselberry, 339 U.S. 594,94 L.Ed. 1088, 70 S.Ct. 870 (1950). In Fahey a regulation of the Federal Home Loan Bank Board in the exercise of its statutory power was upheld. It provided for a hearing on the appointment of a conservator or receiver for a federal savings and loan association after such person had taken possession. In Ewing the court upheld a section of the Federal Food, Drug, and Cosmetic Act which permitted multiple seizures of misbranded articles `when the Administrator has probable cause to believe from facts found,without hearing, by him or any officer or employee of the Agency that the misbranded article is dangerous to health, or that the labeling of the misbranded article is fraudulent, or would be in a material respect misleading to the injury or damage of the purchaser or consumer.' (Emphasis added.)
Thus the constitutionality of the ex parte temporary restraining order authorized under sections 42-924 and42-925 depends upon whether the situation is an emergency requiring prompt action to preserve the status quo. (This is the purpose of a temporary restraining order granted under sections 25-1063 and 25-1064(2), R.R.S. 1943. See, Tresterv. Pike, 60 Neb. 510, 83 N.W. 676 (1900).) Both the legislative history and the evidence required would indicate that spouse abuse may present such an emergency situation.